REICHERT, D.B.A. REICHERT CONSTRUCTION CO., APPELLANT, *v.* INGERSOLL ET AL., APPELLEES.

[Cite as Reichert *v.* Ingersoll (1985), 18 Ohio St. 3d 220.]

(No. 84-1170—Decided July 17, 1985.)

*Blaszak, Shilling, Coey & Bennett, Larry E. Coey* and *Gary A. Hengstler,* for appellant.

*Harry F. Butler,* for appellees.

*Per Curiam.* The determinative issue presented in this appeal is whether rescission is a proper remedy under the Ohio Consumer Sales

Practices Act, where there has been a substantial change in the subject of the consumer transaction.

Before we address the merits of that issue, we must first inquire as to whether the court of appeals abused its discretion in denying appellant's motion for reconsideration and supplementation of the trial court transcript. The appellate court refused to consider appellant's assignments of error challenging the appropriateness of rescission as a remedy in this case because the record did not disclose an objection to the trial court's jury instruction thereto. Counsel for appellant contends that he was not aware that the portion of the trial transcript evidencing his objection to the charge on rescission had been omitted from said transcript, until he read the appellate court's opinion with respect to his assignments of error. Upon discovery of this omission in the transcript, appellant submitted the missing portion in his motion for reconsideration, along with an affidavit from the court reporter who accepted responsibility for the omission. However, the appellate court decided that appellant was afforded a reasonable amount of time to correct the record prior to its disposition of the case and, therefore, refused to "entertain plaintiff-appellant's motion at this late date."

Our review of the court of appeals' opinions leads us to the conclusion that the tribunal did not seriously entertain the merits of the appeal. As this court stated in *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, at 192 [23 O.O.3d 210]:

"Initially, in evaluating the propriety of the Court of Appeals' action, we hasten to emphasize — indeed re-emphasize — that it is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. See, *e.g., Cobb* v. *Cobb* (1980), 62 Ohio St. 2d 124 [16 O.O.3d 145]. Judicial discretion must be carefully — and cautiously — exercised before this court will uphold an outright dismissal of a case on purely procedural grounds."

In our opinion, the court of appeals below should have considered App. R. 9(E)[1] when it reviewed appellant's motion for reconsideration, based upon the peculiar facts and circumstances within the instant case. We believe that the omission in the transcript was made in good faith, and was not part of a continuing course of conduct for the purpose of delay. Moreover, we find that the appellees are not prejudiced by the omission,

---

[1] App. R. 9(E) provides:

"If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."

and that affirmance of the appellate court's decision would frustrate the policy of deciding cases on the merits. *Id.*

In any event, we find that a reversal and remand in this cause is warranted and necessary, given the clearly erroneous jury instruction that the trial court gave with respect to rescission. The case *sub judice* was tried under the Ohio Consumer Sales Practices Act, R.C. Chapter 1345. R.C. 1345.09 provides in relevant part:

"For a violation of Chapter 1345 of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:

"* * *

"(C)  In any action for rescission, revocation of the consumer transaction must occur within a reasonable time after the consumer discovers or should have discovered the ground for it *and before any substantial change in condition of the subject of the consumer transaction.*" (Emphasis added.)

It is beyond question that rescission or revocation ·was not even attempted until well after the condition of appellees' home had been substantially changed. This being the case, the jury herein should never have been instructed on rescission, since the same was not a proper remedy under the facts of the case or under Ohio law. This incorrect instruction by the trial court constitutes reversible error because it was relied on by the jury and was objected to by the appellant. Given the nature of the error before us, along with the potential damaging consequences that such error would promote under the Ohio Consumer Sales Practices Act, we are compelled to invoke the doctrine of "plain error" to remedy a manifest miscarriage of justice. Implementation of the plain-error doctrine is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See *State* v. *Long* (1978), 53 Ohio St. 2d 91 [7 O.O.3d 178], paragraph three of the syllabus. The plain-error doctrine permits correction of judicial proceedings when error is clearly apparent on the face of the record and is prejudicial to the appellant. *State* v. *Eiding* (1978), 57 Ohio App. 2d 111 [11 O.O.3d 113]. Although the plain-error doctrine is a principle applied almost exclusively in criminal cases, this court has stated that the doctrine may also be applied in civil causes, even if the party seeking invocation of the doctrine failed to object to the jury instruction in question, if the error complained of "would have a material adverse affect on the character and public confidence in judicial proceedings." *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 209 [24 O.O.3d 316]. See, also, *Yungwirth* v. *McAvoy* (1972), 32 Ohio St. 2d 285, 288 [61 O.O.2d 504].[2] We find that the instant case presents one of those extremely rare situations in which the plain-error doctrine must be invoked in order to prevent a manifest miscarriage of justice, since the result reached by the trial court is patent-

---

[2] Although in *Schade* and *Yungwirth* the court did not invoke the plain-error doctrine to the facts therein, both cases set forth the appropriate circumstances for application of the doctrine.

ly contrary to R.C. 1345.09(C). Clearly, the General Assembly did not intend the unusual result rendered by the trial court and, therefore, we reverse the judgment below in order to maintain the integrity and fundamental fairness of the Ohio Consumer Sales Practices Act.

In sum, we find that the error rendered below was of such an egregious nature that reversal is necessitated under the exceptional doctrine of plain error. Additionally, we hold that the court of appeals abused its discretion in failing to seriously reconsider the merits of appellant's arguments.

It should be noted that appellant concedes that he violated the Ohio Consumer Sales Practices Act, albeit inadvertently, and that he no longer seeks the amount prayed for in his complaint. Notwithstanding this concession, we find that the trial court acted properly in ordering removal of the mechanic's lien placed upon appellees' property.

Accordingly, we hold that pursuant to R.C. 1345.09(C), rescission is not a proper remedy where there has been a substantial change in the subject of the consumer transaction. Therefore, we reverse the judgment of the court of appeals, and remand the cause to the trial court for further proceedings with respect to the issue of damages.

*Judgment reversed and*
*cause remanded.*

SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.

CELEBREZZE, C.J., dissents.

CELEBREZZE, C.J., dissenting. While I do not dispute, as an abstract principle of law, that the trial court's jury instruction on rescission should have informed the jury that Reichert Construction Co. was entitled to restoration of the benefits conferred on the Ingersolls, no objection appears in the record developed below which would operate to preserve the error.

Having lost in the trial court, Reichert appealed to the court of appeals challenging, *inter alia,* the failure of the trial court to instruct the jury that, if rescission were awarded, the Ingersolls were to return any benefits conferred by Reichert. In connection with Reichert's appeal below, the transcript was filed on December 20, 1983. The Ingersolls raised the issue of the lack of an objection to the trial court's instruction in their answer brief filed in the court of appeals on February 27, 1984. Reichert filed no reply brief as allowed by App. R. 16(C). The court of appeals heard oral arguments on April 12, 1984 and rendered its decision on

May 23, 1984. Thus, Reichert had *at least* two and one-half months to correct any omission in the record.

Reichert took no steps whatsoever to correct the alleged omission of the objection to the trial court's instruction until *after* the adverse decision was rendered by the court of appeals. It was only then that Reichert, in a motion for reconsideration, sought to supplement the record to include an objection to the trial court's instruction. In my view, the court of appeals was well within its discretion to refuse supplementation of the record at that stage in the proceedings. Reichert's counsel admits in the proceedings before this court that, at the time of the appeal in the court of appeals, he gave priority to another case and, in fact, sent another lawyer from his firm to appear at oral argument.

Reichert argues that *Cobb* v. *Cobb* (1980), 62 Ohio St. 2d 124 [16 O.O.3d 145], compels a result in his favor. In *Cobb,* this court ordered supplementation of an incomplete record where the party took immediate steps to correct various material omissions from the record. In stark contrast, despite being on notice that the record omitted the key objection to a challenged jury instruction, Reichert took no steps of any kind to correct the record until an adverse decision was rendered.

Our avowed distaste for purely procedural dispositions of cases has no bearing herein. The party challenging a jury instruction has the responsibility to object to the instruction, as well as a corresponding duty to ensure that the objection appears in the record on appeal. See, *e.g., Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207 [24 O.O.3d 316]; Civ. R. 51; and App. R. 10 and 11. Cf. *State, ex rel. Ellison,* v. *Dresbach* (1983), 6 Ohio St. 3d 19. Thus, the situation at bar is not at all similar to the "minor, technical, correctable, inadvertent violation of a local rule" that we dealt with in *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189 [23 O.O.3d 210].

Furthermore, even though there is a plain-error doctrine recognized in criminal cases by virtue of Crim. R. 52, there is serious doubt as to whether there is a parallel plain-error doctrine for civil cases. See Civ. R. 61. This court is therefore in a questionable position to adopt a plain-error rule, the genesis of which would be outside the Rules of Civil Procedure. Cf. *dictum* in *Schade* v. *Carnegie Body Co., supra,* at 209.

Accordingly, I would affirm the decision of the court of appeals on the basis that the record before that panel did not contain an objection to the challenged jury instruction and Reichert's attempt to supplement the record was ineffectual.

I therefore dissent.