### Nurminen v. Haberman
*[Cite as 2 AOA 338]*

*Case No. 88 CA 219*
*Mahoning County, (7th)*
*Decided March 28, 1990*

R.C. 2921.33
R.C. 2953.32
Evid. R. 609(C)

For Plaintiff-Appellant: Richard D. Goldberg, Esq., 21 S. Phelps Street, Youngstown, Ohio 44503.

For Defendant-Appellee: Marshall D. Buck, Esq., 926 City Centre One, P.O. Box 6306, Youngstown, Ohio 44501.

O'NEILL, P.J.

On March 24, 1985, the plaintiff-appellant, an officer with the Ohio Highway Patrol, charged the appellee with speeding, occupying space on a freeway, disorderly conduct, and resisting arrest. On a later date, the defendant pleaded no contest to the resisting arrest charge. A finding of guilty as to the resisting arrest charge and as to speeding was entered by a country court judge. The remaining charges, occupying space on a freeway and disorderly conduct, were dismissed by the country court.

On May 11, 1986, the charge of resisting arrest was expunged pursuant to court order under R.C.2953.32.

In March of 1986, the appellant filed a complaint in the trial court naming the appellee as the defendant and alleging that, in effecting an arrest relative to the aforestated charges, the appellee refused to comply with her lawful order that he violently pulled away from her causing her to sustain numerous bodily injuries.

Following answer and discovery, the case was called for trial.

Prior to trial, the trial judge came on to consider a motion for limine filed on behalf of the appellee. In this motion for limine, counsel for the appellee pointed out to the trial judge that the charge of resisting arrest, which had been lodged against the defendant-appellee, had been disposed of in Mahoning County Area Court No. 4. Counsel went on to point out to the trial judge that, on May 11, 1986, prior to trial, that arrest conviction had been expunged. Counsel requested an order from the court that, during the trial, there be no reference made to this charge of resisting arrest. In disposition of this motion, the trial judge stated:

"I never rule on a motion in limine until the actual trial itself. I can give you an advisory opinion at this point, that it would be sustained in the course of the trial, and if you try to bring it up it could be grounds for a mistrial." (Tr. 4).

During trial and under direct examination of the appellee, counsel for the appellee was permitted to bring to the attention of the jury that the charge of occupying space on a freeway and the charge of disorderly conduct had been "dropped" in the county court. Counsel was further allowed to establish that the county court's disposition of the speeding ticket had been a fine of $5.00. (Tr. 207-210). This evidence was allowed in over the objections of counsel for the appellant. Following deliberations, the jurors returned a general verdict signed by six of the eight jurors finding for the appellee. A timely notice of appeal was filed from the judgment.

For her first assignment of error, the appellant contends that the lower court erred in allowing defense counsel to question witnesses and comment to the jury regarding criminal charges that were dismissed against the defendant, while prohibiting plaintiff's counsel from commenting on the criminal charge that the defendant was convicted of.

Rule 609(C) of the Rules of Evidence, reads as follows:

"Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, expungement, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the

conviction has been the subject of a pardon, annulment, expungement, or other equivalent procedure based on a finding of innocence."

The trial judge did not err in barring the introduction of any evidence relative to the appellee's conviction of resisting arrest.

The appellant, by way of brief, states that she does not question the validity or legal basis of expungement and then goes on to argue:

"However, it is clearly prejudicial and harmful when defense counsel hides behind that very statute and asserts that the conviction for resisting arrest cannot be mentioned because it was expunged and, in the next breath, argues that the only charges brought against his client were dismissed."

Our approach to this issue would be as to relevancy of the evidence which the appellee introduced. The issue in this case was the allegation by the appellant that the appellee had injured her when she placed him under arrest. In plain words, the facts in issue was whether she arrested him and whether, in effecting that arrest, he did something which caused her to be injured. It is inconceivable that the disposition of the disorderly conduct charge and the charge of occupying space on the highway were in any way related to the issues raised by the pleadings. This evidence was carried further by counsel for the appellee when, during his closing argument, he stated to the jury in part:

"'What do you think about these charges? The charge of speeding, he paid a $5.00 fine, ladies and gentlemen..$5.00, for a speeding ticket. It think that's a fair indication of what the judge thought of that speeding ticket. Occupying space on a highway. Dismissed. Disorderly conduct, the crime she is claiming is why she was entitled to arrest him ... dismissed.'" (Tr. 252).

It is obvious that the strategy of the defense in this case was to convince the jury that, regardless of what happened at the time of this incident, the plaintiff-appellant had nor right to arrest the defendant-appellee. This strategy was further supported in part by a portion of instructions given by the trial judge to the jurors. The judge stated:

"You are further instructed that a police officer, including a state highway patrol person, shall not arrest a person for committing a minor misdemeanor * * *." (Tr. 260).

That statement is correct but there should have been further instruction to the jury

pursuant to Syllabus 3 of *Columbus* v. *Fraley* (1975), 41 Ohio St. 2d 173, reading as follows:

"In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, *whether or not the arrest is illegal under the circumstances.*" (Emphasis added).

"*Fraley*" is the law applicable to this case.

It is incumbent upon the trial court to instruct the jury on the law of the case. Civ. R. 51(A). In regards to instructions, the ultimate vital and controlling matter is whether the instruction is a fair, impartial, and a correct statement of the principles and rules of law applicable to the issues raised. 89 Ohio Jurisprudence 3d 368, Trial, Sec. 296.

As we have previously found, the decision in *Fraley* was a correct statement of the principles and rules of law applicable to the case at hand. Along with their verdict, the jurors returned three interrogatories. In response to Interrogatory No. 1, the jury unanimously found that the plaintiff had suffered damages in the amount of $36,000.00. In response to Interrogatory No. 2, the jurors unanimously found that the plaintiff did not commit any act of negligence which directly and proximately caused her injury or damage. In response to Interrogatory No. 3, the jurors unanimously found that there was no negligence on the part of plaintiff or defendant which directly and proximately caused the injury and damage suffered by the plaintiff. The general verdict in favor of the defendant was signed by six of the jurors. It is our conclusion that the jurors were misled in the law applicable to this case, by the failure of the court to properly instruct the jury along the lines of the law pronounced by the Supreme Court in the *Fraley* case and were further motivated by the introduction of evidence which we have previously found not to have any relevancy to the case.

Upon our review of the record, we do not find that the plaintiff-appellant made any request of the trial court to give an instruction along the lines of *Fraley* nor did trial counsel for the appellant enter any objection to the instructions as given by the trial judge. Although it might be said that the failure of trial counsel to object is tantamount to a waiver of the potential error, the plain error doctrine has been implemented into civil cases and permits correction of judicial proceedings when

error is clearly apparent on the face of the record. *State* v. *Eiding* (1978), 57 Ohio App. 2d 111. Although the plain error doctrine is the principle applied almost exclusively in criminal cases, the Supreme Court has stated that the doctrine may also be applied in civil cases, even if the party seeking invitation of the doctrine failed to object to the jury instruction in question, if the error complained of would have a material adverse affect on the character and public confidence in judicial proceedings. *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 209. See also *Reichert* v. *Ingersoll* (1985), 18 Ohio St. 3d 220.

Accordingly, the judgment of the trial court is reversed and this cause is remanded for new trial pursuant to the law as expressed in this opinion.

*Judgment reversed*
*and cause remanded.*

DONOFRIO, J., Concurs.
COX, J., Concurs.