OPINION
Zachariha Cohen appeals from a judgment of the common pleas court entered pursuant to a bench trial in favor of the Coronado Beach Association finding that Cohen failed to establish a prima facie case of adverse possession. On appeal, Cohen complains the court erroneously determined that a prior owner, Jo Ann Soderquist, had used the property with permission from the Coronado Beach Association. After a careful review of the record before us and consideration of the law of adverse possession, we affirm the decision of the trial court.
The relevant history of this case reveals that on August 8, 1960, Jo Ann Soderquist purchased a home located at 17418 Dorchester Drive in Cleveland, together with four contiguous parcels of real estate. It is undisputed that subsequent to her purchase, Soderquist placed fill material along the shoreline, reclaimed eroded land, and built a portion of the property to a height of thirty feet above the lake level, equal to the height of the adjacent bluffs. In 1990, Soderquist quit-claimed the property to her grandson, Anthony Marinozzi, who sold it to Cohen in 1996. Cohen planned to construct a stone seawall and dock on the property between the lake and the four parcels she purchased, but learned that the Coronado Beach Association actually owned a 60 X 90 foot parcel of land abutting Lake Erie which Soderquist had reclaimed. The plat map reveals that of the four lots Cohen purchased, lot numbers 97 and 96 abut the lake, as does all but about nineteen feet of lot number 95. However, none of lot number 94 abuts the lake. Instead, a parcel of approximately 60 X 96 foot, owned by the Coronado Beach Association, designated, "Block A," sits between the lake and Cohen's property line on lot 94 and nineteen feet of lot 95.
Upon learning of the ownership of Block A, Cohen filed a complaint seeking to quiet title to the parcel and claiming ownership of it by tacking Soderquist's exercise of control over the property alleging that she had title to it by her adverse possession of it.
During her deposition taken in this litigation, Soderquist stated that she purchased the property in 1947 and sold it in 1997. She further testified that she had obtained a permit from the Army Corps of Engineers and added the fill material, which created the disputed property by filling in and reclaiming the eroded land. Thereafter, she claimed the Army Corps of Engineers reimbursed her for her expenditures. She further testified that she reclaimed the property for the park even though she did not allow anyone on the property and believe that she owned four lakefront parcels.
Based on her testimony, Cohen moved for summary judgment, but the court denied the motion. The case proceeded to a bench trial, and during Cohen's case-in-chief, Soderquist testified that her grandson, Anthony Marinozzi, purchased the property in 1990, that she owned the disputed property, that no one helped her fill or reclaim the disputed property, and that she made efforts to keep people from using her property.
During Coronado Beach Association's case-in-chief, Marinozzi testified that he had visited his grandmother at her home throughout his entire life and did not know of any dispute concerning his grandmother's property boundaries. He remembered the Coronado Beach Association picking up garbage and cutting the grass and other members of the Association using the disputed property. He did not remember Soderquist restricting access to the property. Prior to closing argument, counsel for Cohen stipulated to the admission of Coronado Beach Associations's April 11, 1984, board meeting minutes where Soderquist notified the board that she had received permission from the Army Corps of Engineers to dump fill material, and "she would not dump east of this fence line so as to not damage our stairs and that she would re-seed the grass and return our bluff to its prvious [sic] condition." Following trial, the court ruled in favor of Coronado Beach Association finding that Cohen had not proven exclusive possession by Soderquist and that she had a right to use the property as an Association member. Cohen appeals from that judgment and raises two assignments of error for our review:
I.
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF APPELLANT, IN FINDING THAT APPELLANT'S PREDECESSOR'S USE OF THE DISPUTED PROPERTY WAS PERMISSIVE AND NOT ADVERSE.
Cohen urges the court erroneously admitted the minutes of the Coronado Beach Association's April 11, 1984 meeting which constituted hearsay, and erroneously determined that the Association permitted Soderquist to use the disputed property to reclaim the bluff area which had eroded into the lake. Coronado Beach Association maintains Cohen waived the right to raise the hearsay issue on appeal and failed to prove a prima facie case of adverse possession.
In Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, the court stated:
 Absent plain error, * * * a failure to object waives a party's right to raise the issue on appeal.
As it relates to Cohen's argument concerning hearsay, a review of the record reveals that counsel for Cohen not only stipulated to the admissibility of Coronado Beach Association's April 11, 1984 board meeting minutes but also failed to preserve any objections based on hearsay on the record. The transcript indicates the following colloquy regarding these exhibits:
 MR. MITCHELL: J, K, L Plaintiffs agreed to stipulate to the admissibility. They are minutes of the meeting of the board for April 11th, April 26th, and May 10th
1984. Then M of course is the infamous board.
 THE COURT: All right. Mr. Winer, other than J, K, L which you stipulated admissibility, do you have any objection to any of the exhibits being admitted?
 MR. WINER: I have one question if I may confer with Mr. Mitchell.
 THE COURT: Sure. Those were minutes of April 11, April 26th, and May 10th, 1984, of the Coronado Beach Association Board of Trustees meeting.
(Off the record.)
 MR. MITCHELL: I think we have an agreement on all the defense exhibits.
THE COURT: They will all be admitted.
MR. WINER: No objection, you Honor.
In addition, Evid.R. 803(6) states:
 A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
Thus, the court did not err in admitting the minutes from the April 11, 1984 board meeting in accordance with this rule.
Concerning Soderquist's permissive use of the parcel, in Gracev. Koch (1998), 81 Ohio St.3d 577, the court stated in its syllabus:
 To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years.
* * *
 * * * A successful adverse possession action results in a legal titleholder forfeiting ownership to an adverse holder without compensation. Such a doctrine should be disfavored, and that is why the elements of adverse possession are stringent. * * * We believe that the burden of proof should be equally rigorous. A substantial majority of our sister states agree and already apply the clear and convincing evidentiary standard, or a variant thereof, to adverse possession claims. * * *.
* * *
 This court has stated that "[i]t is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character," * * * and that "[t]he occupancy must be such as to give notice to the real owner of the extent of the adverse claim." * * * (Citations omitted.)
In this case, the record reveals Soderquist testified she had received permission from the Army Corps of Engineers to add fill material, and thereafter, it reimbursed her expenditures. Further, she testified that she added fill dirt and maintained the disputed area for the benefit of the park. The minutes from the April 11, 1984, Coronado Beach Association board meeting indicated Soderquist notified the board that she would not dump fill material east of the fence line, but that she would re-seed and return the Association's bluff to its previous condition.
Based on the record, the trial court's decision that Soderquist had Coronado Beach Association's permission to fill and reclaim the property is supported by competent, credible evidence, and accordingly, this assignment of error is not well taken.
 II. THE TRIAL COURT'S CONCLUSION THAT APPELLANT'S PREDECESSOR'S USE AND OCCUPANCY OF THE DISPUTE PROPERTY WAS NOT EXCLUSIVE AND ADVERSE IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
Cohen urges the evidence shows Soderquist had exclusive and adverse possession of the property for the requisite twenty-one year period. Coronado Beach Association maintains Cohen failed to establish Soderquist exclusively or adversely used the property. The issue here concerns whether the court's judgment is against the manifest weight of the evidence.
In C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, the court stated in its syllabus:
 Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
In this case, Soderquist testified that she believed that she owned the property and made efforts to keep people off the property. She performed extensive erosion work with the permission of the Army Corps of Engineers and notified the Coronado Beach Association that she had received permission in addition to acknowledging that the property belonged to the Association. Soderquist had the right to use the property as an Association member, but never told anyone that she claimed ownership of it. Marinozzi testified he did not know of any dispute concerning his grandmother's property boundaries, his grandmother never forced people from the property, and Coronado Beach Association members used the disputed parcel of property. Based on the evidence presented to the court, its decision that Soderquist did not have exclusive or adverse possession of the property to prove adverse possession is not against the manifest weight of the evidence. Accordingly, this assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and JAMES M. PORTER, J., CONCUR.
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE