OPINION
In this accelerated calendar case, submitted on the record and briefs of the parties, appellant Mary Jo Dunn appeals from the Trumbull County Court of Common Pleas, Domestic Relations Division, final decree of divorce judgment. Specifically, appellant takes issue with the spousal support award, arguing that the court did not adequately set forth the basis of the award.
Appellant and appellee Rollin Dunn were married on November 24, 1963. The parties had four children, all of whom are emancipated adults. During the course of the thirty-five year marriage, appellant raised the four children and was a homemaker. She did not have outside employment during the course of the marriage. Appellee provided the financial support for the family during the course of the marriage.
On June 9, 1997, appellee filed a complaint for divorce. On September 2, 1997, the case came before a magistrate and a temporary support order was granted to appellant. The parties were unable to resolve various differences, and the case was set for trial. A pretrial hearing was conducted on September 10, 1998. Both parties were represented by counsel. Both parties submitted financial affidavits to the court, listing their incomes and their expenses. A significant portion of the pretrial hearing was devoted to discussion of the financial status of the parties, and the court was presented with relevant information. The parties' house was in the process of being sold, and was in fact sold prior to the final hearing on October 13, 1998. The relevant information with respect to the profit from the sale was provided to the court at the final hearing.
At the beginning of the final hearing on October 10, 1998, the court reviewed the financial information it had received with respect to the parties. The court indicated it had reviewed that information, and indicated it had reviewed the statutory factors as required prior to an award of spousal support. The financial information the court had in its possession was directly relevant to R.C. 3105.18(C)(1) factors (a), (b), (d), (i), and (n). The court stated its findings with respect to the other factors contained in R.C. 3105.18(C)(1). The court stated findings directly related to factors (c), (e), (f), (g), (h), (j), and (n). Having reviewed this information for the record, the court then stated "that pretty much covers the spousal support issues." No objection was made. Appellant did not proffer any additional evidence or request that additional testimony be taken. At the close of the hearing, the court specifically inquired of the parties if there was anything else they would like to add to the record. The court asked the parties this question seven times before ending the hearing.
The court entered judgment granting a final decree of divorce on December 3, 1998. Within the judgment entry, the court stated its findings relevant to an award of spousal support, making a specific finding for each of the factors listed in R.C. 3105.18
(C). The court made an award of spousal support through the year 2010, dividing the years 1999 to 2010 into four time periods wherein the amount appellant receives decreases in each subsequent period, beginning at $800 per month, and ending at $400 per month. From this judgment, appellant timely filed notice of appeal, citing the following error:
 "The trial court abused its discretion in establishing an order of periodic spousal support without adequately setting forth a basis for its award."
Appellant argues that although it appears from the form of its judgment entry the court followed the requirements of R.C.3105.18, the court did not follow its requirements because it did not take any testimony on the relevant issues at the final hearing. In the absence of such testimony, appellant argues there was no evidentiary basis for the court's findings. Therefore, appellant suggests the award of spousal support was arbitrary in nature, constituting an abuse of discretion.
At the final hearing, the court did state for the record the evidence it was considering as the basis for a support award. Appellant affirmed that she was "standing by" her financial affidavit. Appellant did not object when the court stated what facts and evidence it was taking into consideration on the issue of spousal support. Nor did appellant offer any additional evidence although invited to do so by the trial court seven times. Appellant was asked multiple times if she would like to add anything to the record. She did not respond with an offer of any evidence or testimony relevant to the issue on appeal. Consequently, appellant waived any error with respect to the issue she raises on appeal. "An appellate court need not consider an error which a party complaining of * * * could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." Statev. Glaros (1960), 170 Ohio St. 471, paragraph one of syllabus.
Having waived the "error", appellant's assignment of error is not reviewable under the abuse of discretion standard, but rather, only for plain error. "The plain-error doctrine permits for correction of judicial proceedings when error is clearly apparent on the face of the record and is prejudicial to the appellant."Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, 223. "The plain error doctrine is utilized in civil matters only under exceptional circumstances to prevent a manifest miscarriage of justice."Cleveland Elec. Illum. Co. v. Astorhurst Land Co. (1985), 18 Ohio St.3d 268,275.
At the final hearing, in its review of facts it was taking into consideration, the court either stated its findings, or stated the evidence it possessed, reviewed and was considering, relevant to twelve out of the fourteen factors set forth in R.C. 3105.18 (C). Of the two factors that were not directly referred to at the hearing, one regarded the tax consequences of a support award, which does not require specific finding of facts, but rather requires an analysis of facts. The other regarded consideration of the time and expense necessary for a party to obtain additional education, if needed. In its judgment entry, the court stated that neither party was pursuing further education. This is the only fact for which there is no basis in the record, but was apparently within the knowledge of the trial court. There was a basis in the record for all the other findings which the court set forth in its judgment entry.
No error exists which is plain on its face. This has not been a manifest miscarriage of justice. Appellant's assignment of error is without merit. The judgment of the trial court is affirmed.
 ________________________ JUDGE WILLIAM M. O'NEILL
NADER, P.J., CACIOPPO, J., Ret., Ninth Appellate District, Sitting by assignment, concur.