[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Ellen Ganson brings this appeal from the order of the Hamilton County Municipal Court overruling her objections to the decision of a magistrate and thereafter adopting that decision. It is the second appeal emanating from the civil action in which Ganson had sought to recover monetary damages and to be given other relief from Kimberly Vaughn.
The particulars of the first appeal can be found in Ganson v. Vaughn
(1999), 135 Ohio App.3d 689, 735 N.E.2d 483 ("Ganson I"). The controversy began when Ganson contracted with Vaughn to manufacture two cranial prostheses, specifically, hair-replacement hairpieces, because Ganson knew that certain of her medical treatments would result in hair loss. Ganson deposited, initially, $200, and later paid the approximately $1200 balance of the agreed price. Eventually, Ganson decided that the prostheses were useless to her because, among other things, they did not fit, were not woven evenly, and left her scalp exposed in some places. Vaughn refused to refund Ganson's payments because her policy was not to give refunds due to the custom nature of the prostheses. Resultantly, Ganson sued Vaughn in an action in the municipal court sounding severally in breach of contract and in violations of the Ohio Uniform Commercial Code and the Consumer Sales Practices Act. The trial court found in favor of Vaughn. This court ruled, in Ganson's appeal of that judgment, that the trial court had erred only in its interpretation of the Consumer Sales Practices Act and the Ohio Administrative Code, which require a supplier (Vaughn) to provide the customer (Ganson) with a receipt that states, inter alia, whether a deposit is refundable. Without question, Vaughn had failed to give Ganson such a receipt.
 Ganson submitted also that the court had erred in finding that she was not entitled to recover attorney fees. This court held,
 R.C. 1345.09 authorizes the award of attorney fees to a plaintiff who prevails in a CSPA action and proves that the supplier acted intentionally. Because the trial court had determined that Ganson had not proven a violation of the CSPA, it did not consider an award of attorney fees. We have held, however, that Vaughn's failure to issue a receipt for Ganson's deposit in compliance with Ohio Adm. Code 109:4-3-07 may be considered a deceptive act in violation of the CSPA. Thus, the trial court must revisit the issue of Ganson's entitlement to attorney fees.
 Ganson I at 695, 735 N.E.2d at 487.
 In accordance with our remand order, a magistrate conducted a hearing at which only argument upon the parties' memoranda was offered. In a nine-page "decision," the magistrate found that Ganson was entitled to the recovery of her $200 deposit and to an award of attorney fees. The magistrate had before her the affidavit of Ganson's attorney that his fee was $120 per hour and that the "invoice" attached to the affidavit "was a true and accurate record of services conducted by [him] directly relating to the litigation" of this lawsuit. The dates for the alleged services began with an entry on June 24, 1997, and ended with one on November 19, 1998. Ganson's attorney contended that he "spent in excess of 62.4 hours on matters directly relating to the causes of action arising from the defendant's violations of the Consumer Sales Practices Act."
Ganson's attorney argued to the magistrate that he had spent a total of 108.6 hours on the litigation in its entirety, and that because he had undertaken it on a contingent-fee basis, his fee should be "enhanced" by twenty-five percent. Accordingly, Ganson sought an award of $16,290 in fees.
The magistrate "reviewed" the timesheet, held that $120 per hour was a reasonable charge, rejected the claim for a twenty-five percent enhancement as having "no basis," and concluded ultimately that an award of $1200 was reasonable.
After this court had ordered the cause to be remanded, Ganson filed the motion that brought the matter before the magistrate, captioning it "Plaintiff's Motion For Rescission and Attorney Fees." The magistrate ended her "decision" with this paragraph:
 I therefore recommend: Plaintiff's Motion for Rescission be overruled. Plaintiff be returned her deposit of $200.00 and be awarded attorney fees of $1,200.00. No award of costs to either party.
Ganson has given us these assignments of error:
 The trial court committed plain error by adopting the magistrate's finding that appellant was not entitled to elect to rescind the underlying consumer transaction pursuant to R.C. § 1345.09, and was instead only entitled to the return of her initial deposit.
 The trial court committed plain error by adopting the magistrate's finding that appellant was entitled to an award of $1,200.00 in attorney's fees.
 The first assignment is not well taken and is overruled. Primarily, it fails because the issue of rescission was not argued at trial and appeared only as a component in the caption of the motion lodged after our remand. Therefore, it must be held to have been waived by the failure to have litigated it initially. Even if that were not so, rescission could not have been available to Ganson as a remedy on the unquestionable facts. Judge Hildebrandt noted in his opinion resolving Ganson's first appeal the following:
 According to Ganson, the prostheses were useless to her because they did not fit properly and were poorly constructed. Ganson's scalp showed through the prostheses in some places, and the hair was not evenly woven across the scalp cap. However, Ganson did not return the prostheses to Vaughn for fitting or further work. Instead, she took her prostheses to her regular hair stylist, who attempted to trim the hairpieces. The result was that the pieces were in worse condition than they were when Ganson received them from Vaughn.
 Ganson I at 691, 735 N.E.2d at 484-485.
 The general rule is that a party rescinding a contract for nonperformance or some particular default by the other party (here, the production of what Ganson believed to be useless prostheses), must restore what he has received in its original form, viz., to place the defaulting party in status quo. See 18 Ohio Jurisprudence 3d (1980, Supp. 2001), Contracts. Sections 310-312; Reed v. McGrew (1832), 5 Ohio 375, 386. Following this general rule, the Consumer Sales Practices Act specifies that rescission is available only where revocation of the transaction occurs within a reasonable time and "before any substantial change in condition of the subject of the consumer transaction." R.C. 1345.09(C). Because Ganson chose to have her hair stylist alter the piece substantially, she could not place Vaughn in status quo and, in law, was foreclosed from prevailing on the doctrine of rescission. Reichert v. Ingersoll
(1985), 18 Ohio St.3d 220, 480 N.E.2d 802.
The second assignment raises the question whether, in adopting the report and the recommendations of the magistrate, the trial court abused its discretion. The definition of abuse of discretion is tripartite, but, as we see the case, the salient component of the test here is whether the award of $1200 in attorney fees was reasonable in light of the fact that Ganson bore the burden of proof on the question. We are convinced by the record that it was, and, accordingly, the second assignment is overruled.
The attorney's time sheet was an amalgamation of the hours spent in preparing for and litigating the suit against Vaughn as it stood based on the three severable claims. This court held in Parker v. I F InsulationCo. (Mar. 27, 1998), Hamilton App. No. C-960602, unreported ("ParkerI"), the following:
 As a rule, a trial court must separate unsuccessful claims and claims for which attorney fees may not be awarded from successful claims and claims for which attorney fees may be awarded, and may only award attorney fees for the latter category of claims.
 In Bittner v. Tri-County Toyota (1991), 58 Ohio St.3d 143, 145, 569 N.E.2d 564, 466-467, a case involving the award of reasonable attorney fees pursuant to R.C. 1345.09(F)(2), the Ohio Supreme Court observed,
 Tri-County also alleges that Bittner should not be able to recover for the time spent developing her breach of contract claim, since a breach of contract, standing alone, is not unfair or deceptive under the Act. In this case, the breach of contract claim is distinct from the deposit rule claim. Where, as here, the claims can be separated into a claim for which fees are recoverable and a claim for which no fees are recoverable, the trial court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded. [Citation omitted.]
In immediate context, the Bittner court established this formula:
 When awarding reasonable attorney fees pursuant to R.C. 1345.09(F)(2), the trial court should first calculate the number of hours reasonably expended on the case times an hourly fee, and then may modify that calculation by application of the factors listed in DR 2-106(B). These factors are: the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent. All factors may not be applicable in all cases and the trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation.
 Id. at 145-146, 569 N.E.2d at 467.
 We must conclude from the record that Ganson elected to submit the issue of attorney fees without requesting a hearing at which her attorney might have been able to winnow, that is, to separate, from the general compilation of his hours those spent exclusively on the successful claim. In the absence of such definition, we cannot say that the trial court abused its discretion in adopting the work product of the magistrate. Since the magistrate recommended an award of $1200, it is clear that she determined that only ten hours had been spent reasonably on the successful claim and multiplied that figure by the concededly reasonable hourly rate of $120.
Upon this record, the award was made in accordance with law and with substantial compliance with the directives in Bittner, supra.
For the reasons given, the assignments of error are overruled, and the judgment of the Hamilton County Municipal Court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.