OPINION
{¶ 1} Appellant, Sharon Riley, appeals a final judgment of the Domestic Relations Division of the Portage County Court of Common Pleas. In its judgment entry, dated October 22, 2002, the trial court designated appellee, Patrick E. Riley, as temporary residential parent of the parties' son for the duration of the school year. The following facts are relevant to this appeal.
 {¶ 2} The parties were married on November 5, 1982, and one child was born of the marriage. That child remains unemancipated at the time of this appeal. Appellant filed a complaint for divorce on January 28, 2002. Child custody has remained a heavily contested issue throughout the proceedings. The trial court granted appellant emergency custody of the child on January 29, 2002, subsequent to appellant's motion. The motion was based on appellant's affidavit and an independent witness, both of whom asserted that appellee intended to take the child from his present environment in Portage County and enroll the child in school in Cuyahoga County, where appellee was residing at that time. The court issued the emergency custody order and the police retrieved the child from appellee's home.
 {¶ 3} On January 30, 2002, appellee filed a motion seeking the appointment of a guardian ad litem, a request for home studies, and a motion for an immediate incamera interview. The court subsequently appointed Stephen J. Smith as guardian ad litem ("GAL") by judgment entry dated May 22, 2002. The court indicated it would conduct an in-camera interview with the child prior to trial.
 {¶ 4} A final trial commenced on June 5, 2002, without the in-camera interview being conducted. At trial, the court stated that it would revisit the issue of custody pending the completion of the GAL interviews, shared parenting plans, meetings with counsel, and a hearing if the parties could not agree. At that time, the court also requested that each party submit a proposed shared parenting agreement. Appellant submitted her shared parenting agreement. Appellee never submitted a shared parenting agreement.
 {¶ 5} On July 19, 2002, the trial court issued a judgment entry granting appellant temporary custody of the child and granting appellee parenting time according to the shared parenting agreement submitted by appellant. The court approved appellant's shared parenting plan and incorporated it into the final decree. In its judgment entry, the court also stated:
 {¶ 6} "The Court-appointed guardian ad litem shall continue to meet with the child and the Court shall review the question of naming a residential parent prior to the beginning of school. The Court finds said Shared Parenting Plan to be in the best interest of the child and adopts the Plan subject to review at the end of the Summer of 2002. The Husband, however, may exercise Summer visitation (which is not covered in the Shared Parenting Plan) according to the Court's `Standard Order' of visitation."
 {¶ 7} On August 2, 2002, the trial court issued a nunc pro tunc decree in order to correct matters regarding the distribution of marital debt, return appellant to her maiden name, and to include the amount of child support that had been indicated in the shared parenting plan. The language regarding temporary custody to appellant remained intact, and appellant's shared parenting agreement remained incorporated and attached.
 {¶ 8} In September 2002, the GAL issued his written report to the parties. The report was subsequently filed with the trial court on October 22, 2002. Within his written report, the GAL stated the report was based on two interviews he had conducted with the child at the child's school. It was noted that the majority of the findings were based upon the second interview. The GAL noted that in the second interview the child related that most nights he was at home with his older, nineteen-year-old sister and her boyfriend and his mother spent most nights with her boyfriend. The child stated he sometimes accompanied his mother to her boyfriend's home but preferred to stay at home with his sister and her boyfriend. The child also stated he wished to continue seeing his mother but wanted to spend the majority of time with his father. The child stated he had informed the GAL of his desire to spend more time with his father at the first interview, although the GAL did not recall that statement. At the conclusion of the report, the GAL noted that, as the report was based solely on two interviews with the child, there remained the potential for error or false statements. However, it was the GAL's opinion that it was in the child's best interest to be placed with his father as the residential parent.
 {¶ 9} Appellant filed a motion seeking psychological testing and home studies. Appellee filed a motion in opposition. The trial court granted appellant's motion in a judgment entry dated September 27, 2002. On October 22, 2002, without prior notice or a hearing on the matter, the trial court issued a judgment entry naming appellee as residential parent and legal custodian of the child. In its judgment entry, the trial court stated:
 {¶ 10} "The GAL recommends, for a variety of reasons, that the Husband be named residential parent and legal custodian. The Court, however, is not too comfortable in making that arrangement permanent.
 {¶ 11} "Accordingly, Husband will be given temporary possession of the minor child and will be named temporary residential parent and legal custodian until the close of the school year. The GAL will continue to monitor the progress of the child and a hearing will be scheduled within a week of school's close for the 2002-2003 year.
 {¶ 12} "Husband, however, will facilitate visitation with the Wife and provide opportunities to visit with the child which exceeds the so-called `Standard Order of Visitation'."
 {¶ 13} On November 21, 2002, appellant filed a petition for writs of mandamus and procedendo with this court, asserting that the October 22, 2002 judgment was not a final appealable order, and requesting that this court issue an order requiring the trial court to render a new judgment addressing all pertinent issues so that she could pursue her right to a direct appeal.[1] In that action, appellant asserted that once the trial court issued a transfer of custody, it had an obligation to enter new orders as to other issues, including child support and hospitalization. This court ultimately granted respondent's motion to dismiss, concluding respondent had ruled on all issues that were pending before him, and the judgment was immediately appealable, precluding the need for an extraordinary writ.[2]
 {¶ 14} Appellant filed this timely appeal presenting six assignments of error. The first assignment of error is:
 {¶ 15} "The trial court erred as a matter of law when it designated its October 22, 2002 orders modifying or terminating the August 2, 2002 shared parenting decree as `temporary'."
 {¶ 16} In her first assignment of error, appellant contends the trial court erred in designating appellee as having "temporary" residential and legal custody in its October 22, 2002 judgment entry. Appellant further contends that, in adopting her proposed shared parenting agreement in its original judgment entry dated July 19, 2002 and nunc pro tunc entry, dated August 2, 2002, the trial court "entered a final parenting decree" and could not reserve the issue of naming a residential parent at a later date.
 {¶ 17} R.C. 3109.04(D)(1)(d) provides that no provisional shared parenting decree may be issued in relation to any shared parenting plan filed with a final divorce decree. Thus, any shared parenting decree incorporated into the final divorce decree is a final, appealable order.
 {¶ 18} In the instant case, the trial court adopted appellant's proposed shared parenting plan and it was incorporated into both the original and nunc pro tunc decrees. As such, that shared parenting plan became the final parenting decree as of August 2, 2002. Thus, although the court stated that the parenting allocation was "temporary" it was, in fact, permanent unless a modification occurred. Thus, as appellant asserts the modification of those orders via the October 22, 2002 judgment entry are also final appealable orders and are properly before this court.
 {¶ 19} Appellant's first assignment of error is with merit.
 {¶ 20} Appellant's second and fourth assignments of error both relate to whether the trial court abused its discretion in modifying the shared parenting decree. We shall address them contemporaneously. The second assignment of error is:
 {¶ 21} "The court erred as a matter of law and abused its discretion when it modified or terminated the August 2, 2002 shared parenting decree without hearing (sic)."
 {¶ 22} The fourth assignment of error is:
 {¶ 23} "The court acted contrary to law and abused its discretion when it modified or terminated the August 2, 2002 shared parenting decree without considering all relevant portions of the statute, and when it failed to address the issues required by statute in its opinion."
 {¶ 24} The authority of the trial court to modify an existing custody decree is set forth in R.C. 3109.04(E)(1)(a). That statute requires a court to find a change in the circumstances of the child, residential parent, or either parent subject to the shared parenting decree, before a prior decree allocating parental rights and responsibilities for the care of the children may be modified. That statute provides, as follows:
 {¶ 25} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 {¶ 26} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 27} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 28} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 29} In the instant case, neither party made a motion to modify the shared parenting plan. However, the statute permits the trial court to modify the terms of the agreement that it had previously approved, as long as it determines that such a modification is in the best interest of the child.[3]
 {¶ 30} In order to determine the best interest of the child, the trial court must consider the relevant factors including, but not limited to, those set forth in R.C. 3109.04(F)(1). That statute reads, in pertinent part:
 {¶ 31} "(F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 32} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 33} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 34} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 35} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 36} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 37} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 38} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 39} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 40} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 41} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 {¶ 42} "(2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in section 3119.23 of the Revised Code, and all of the following factors:
 {¶ 43} "(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;
 {¶ 44} "(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 {¶ 45} "(c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;
 {¶ 46} "(d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;
 {¶ 47} "(e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem."
 {¶ 48} In the instant case, the trial court reviewed only the GAL report before it elected to modify the shared parenting decree and reallocate residential parent status and legal custody to appellee. The court makes no mention in the October 22, 2002 judgment entry that it considered any specific factors or even that it considered the best interest of the child at all.
 {¶ 49} Moreover, in light of the lack of evidence before the court regarding the best interest of the child, as it had before it only the GAL report, an evidentiary hearing was clearly in order to ascertain exactly what the best interest of the child was as well as providing both parties with an opportunity to cross-examine the GAL regarding his report.
 {¶ 50} Therefore, we conclude that the trial court abused its discretion when it modified the shared parenting decree and reallocated residential parent status and legal custody to appellee without making findings, in consideration of all relevant statutory factors, that the reallocation was in the best interest of the child and without holding an evidentiary hearing.
 {¶ 51} Appellant's second and fourth assignments of error are with merit.
 {¶ 52} The third assignment of error is:
 {¶ 53} "The court erred as a matter of law and abused its discretion when it relied on the guardian ad litem's opinion regarding the reasoning ability of the child without conducting the in-camera interview it ordered."
 {¶ 54} In her third assignment of error, appellant contends the trial court erred in modifying the shared parenting decree based on the GAL report without first conducting an in-camera interview with the child as it previously ordered.
 {¶ 55} R.C. 3109.04(B) governs the interviewing of the child prior to determining the allocation of parental rights and responsibilities. That statute reads, in part:
 {¶ 56} "(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation."
 {¶ 57} Before conducting an interview of the child, the court must first determine the reasoning ability of the child.[4]
In the instant case, appellee filed a motion seeking an in-camera interview of the child, which the trial court denied. Appellee renewed his motion for an in-camera interview and for the appointment of a GAL on May 21, 2002. The trial court subsequently granted that motion and stated that an in-camera interview would be conducted prior to trial.
 {¶ 58} A review of the record reveals that the trial court never made a determination as to the reasoning ability of the child, who was eleven years of age at the date of trial, nor conducted the in-camera interview as it ordered when it granted appellee's motion. Thus, the trial court relied solely on the GAL report, without an independent evaluation as to the reasoning ability of the child or the wishes of the child. Without this independent determination, and in the absence of an evidentiary hearing on the GAL report, the trial court abused its discretion in modifying the shared parenting decree.
 {¶ 59} Appellant's third assignment of error is with merit.
 {¶ 60} The fifth assignment of error is:
 {¶ 61} "The court acted contrary to law and abused its discretion when it modified or terminated the August 2, 2002 shared parenting decree without allowing the parties access to or a hearing upon the psychological reports that it ordered, and without allowing the opportunity for parties to cross examine the preparer of that report at hearing."
 {¶ 62} In her fifth assignment of error, appellant contends the trial court abused its discretion when it modified the August 2, 2002 shared parenting decree without first allowing the parties to have access to the court-ordered psychological reports as well as an opportunity to cross-examine the psychologist at a hearing.
 {¶ 63} As we have noted, a trial court's determinations regarding custody matters will not be disturbed by a reviewing court absent an abuse of discretion.[5] The parties received the GAL report in September 2002. Subsequent to receiving that report but prior to it being filed with the court, appellant filed a motion seeking psychological testing and home studies. Appellee filed a motion in opposition. In a judgment entry dated September 22, 2002, the trial court granted appellant's motion. However, a review of the record reveals, and appellant concedes, those reports were not available prior to the issuing of the October 22, 2002 judgment entry which modified the prior shared parenting agreement.
 {¶ 64} Appellant now contends both parties should have had an opportunity to review those reports and cross-examine the psychologist before the court issued its judgment entry. We disagree. The trial court did not view the psychological reports before it modified the shared parenting agreement as they were not yet completed. Thus, the trial court's decision to modify the shared parenting agreement was not based on the psychological reports. Therefore, we conclude the trial court did not abuse its discretion when it did not allow the parties access to the reports or an opportunity to cross-examine the preparer prior to their submission to the court.
 {¶ 65} Appellant's fifth assignment of error is without merit.
 {¶ 66} The sixth assignment of error is:
 {¶ 67} "The court's failure to conduct a hearing on modification or termination of the August 2, 2002 shared parenting decree was plain error."
 {¶ 68} In her final assignment of error, appellant contends the trial court's failure to conduct a hearing was, in itself, plain error. The plain error doctrine can be implemented where an error in the proceedings is evident from the face of the record.[6] While we have concluded the trial court abused its discretion in failing to hold an evidentiary hearing prior to modifying the August 2, 2002 shared parenting agreement, we cannot say the error as alleged by appellant rises to the plain error standard.
 {¶ 69} Appellant's sixth assignment of error is without merit.
 {¶ 70} Based on the foregoing, appellant's first, second, third, and fourth assignments of error are with merit. Appellant's fifth and sixth assignments of error are without merit. Therefore, the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the matter is remanded for proceedings consistent with this opinion.
Ford, P.J., concurs, Christley, J., concurs in judgment only.
[1] State ex rel. Riley v. Hayes, 11th Dist. No. 2002-P-0127, 2003-Ohio-4363.
[2] Id.
[3] R.C. 3109.04(E)(2)(b).
[4] R.C. 3109.04(B)(2)(b).
[5] Miller v. Miller (1988), 37 Ohio St.3d 71.
[6] Wagoner v. Gresko (May 18, 1990), 11th Dist. No. 88-L-13-226, 1990 Ohio App. LEXIS 1887, at *10, citing Reichertv. Ingersoll (1985), 18 Ohio St.3d 220, 223.