DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Ginger H., appeals from the judgment of the Lorain County Court of Common Pleas, Juvenile Division, that terminated her parental rights and placed her child, J.R., in the permanent custody of Lorain County Children Services, ("LCCS"). This Court affirms.
 {¶ 2} This case was initiated by complaint filed on February 1, 2005. LCCS alleged that the minor child, J.R., born November 14, 2003, was neglected and dependent, and sought an order granting temporary custody to the agency. An interim order of temporary custody was granted to the agency and the matter proceeded to adjudication and disposition. Following a hearing, the magistrate determined that the child was neglected and dependent, and granted temporary custody to LCCS.
 {¶ 3} On January 31, 2006, LCCS moved for permanent custody of the child. On March 6, 2006, Mother moved for legal custody and for increased visitation. On the same date, new counsel was appointed for Mother. On May 31, 2006, the trial court terminated Mother's parental rights to J.R. and placed the child in the permanent custody of LCCS. Mother appeals from that order and assigns one error for review.
 ASSIGNMENT OF ERROR "The trial court's [judgment] terminating the parental rights of the natural mother should be vacated because mother's admission to the complaint adjudicating the minor child [dependent] was accepted by the court without determining whether it was made with an understanding of the allegations and the consequence of the admission, thereby rendering the admission not voluntary, knowing, nor intelligent, in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, Section Sixteen of the Ohio Constitution and Juvenile Rule 29."
 {¶ 4} Through her sole assignment of error, Mother claims that the trial court erred in accepting a stipulation from her during the adjudicatory hearing because the court failed to comply with Juv.R. 29 and related constitutional provisions. For the reasons stated below, we find the assignment of error to be without merit.
 {¶ 5} During the adjudicatory hearing, Mother purportedly stipulated that J.R. was neglected and dependent, and that a grant of temporary custody to LCCS was in the best interest of the child. This stipulation is evidence by language in the magistrate's decision, which indicates that its findings were based on the stipulations of the parties as well as the evidence presented. Mother now claims that her stipulation was erroneously accepted by the trial court because the court did not address her personally and did not inquire whether she understood the nature of the charges, the consequence of her admission to the facts, or the rights she would be waiving as a consequence of the admission.
 {¶ 6} It is fundamental that upon the appeal of an adverse judgment, "it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review." Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564. This duty falls to the appellant because an appellant bears the burden of demonstrating error by reference to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. Correspondingly, this Court may only reverse the judgment of a trial court if it finds error in the proceedings of that court, and our consideration is limited to what transpired in the trial court as reflected by the record made of the proceedings. State v. Ishmail
(1978), 54 Ohio St.2d 402, 405-406, 377 N.E.2d 500.
 {¶ 7} The record in the present case consists of docket and journal entries from the trial court proceeding along with a transcript of the permanent custody hearing. The record does not include, however, a transcript or a statement of the evidence from the hearing in which Mother purportedly made the stipulation which she now challenges. See App.R. 9(B) and (C). There is nothing in the record before this Court demonstrating the error of which Mother complains. Thus, Mother has failed to demonstrate the error she presently asserts. In the absence of a record demonstrating error in the trial court proceedings, this Court must presume regularity and affirm the judgment of the trial court.Knapp, 61 Ohio St.2d at 199.
 {¶ 8} This conclusion does not place an improper burden on Mother to demonstrate waiver, nor does it permit the reviewing court to presume waiver from a silent record — as argued by Mother. Instead, it merely requires the appellant to provide the appellate court with an appropriate record upon which the claimed error may be considered.
 {¶ 9} Mother's argument that this Court should apply the doctrine of plain error to her claimed error is similarly without merit. The doctrine is clearly inapplicable because there is no error apparent on the face of the record before this Court. See Reichert v. Ingersoll
(1985), 18 Ohio St.3d 220, 223, 480 N.E.2d 802.
 {¶ 10} Accordingly, Mother's assignment of error is overruled.
 {¶ 11} Mother's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.