The STATE of Ohio, Appellant,

v.

BROOKS, Appellee.

[Cite as *State v. Brooks* (1997), 118 Ohio App.3d 444.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17922.

Decided Feb. 26, 1997.

*Maureen O'Connor,* Summit County Prosecuting Attorney, and *Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellant.

*Annette L. Powers* and *Irving B. Sugerman,* for appellee.

DICKINSON, Presiding Judge.

The state of Ohio has appealed from the trial court's refusal to reimpose the death penalty against defendant Antonio Brooks.. The trial court followed the Ohio Supreme Court's mandate and resentenced defendant in accordance with that court's reversal of his death sentence. The state has argued that the trial court should have reimposed the death penalty because the Ohio Supreme Court's reversal of it was based on an instruction that was never given to the jury. This court affirms the judgment of the trial court because extraordinary circumstances did not exist to justify deviation from the Ohio Supreme Court's mandate.

I

Defendant Antonio Brooks was convicted of three counts of aggravated murder, with death penalty specifications, and was sentenced to death on each of those counts. Defendant appealed his convictions and death sentence to this court, where he assigned a number of errors, including that the jury was given an incorrect instruction during the sentencing phase of his trial. *State v. Brooks* (July 13, 1994), Summit App. No. 16192, unreported, 1994 WL 362143. The transcript of proceedings reflected that the jury was instructed as follows: "You are now required to determine unanimously that the death penalty is inappropriate before you can consider a life sentence." This court found that defendant had not objected to the instruction at trial and thus waived his right to assign it as error on appeal except to the extent it constituted plain error. It then concluded that the instruction did not amount to plain error. *Id.*

Defendant appealed this court's decision to the Ohio Supreme Court, where he again assigned as error, among other things, the sentencing phase instruction. The Ohio Supreme Court determined that the instruction deprived defendant of a fair trial and reversed his death sentence. *State v. Brooks* (1996), 75 Ohio St.3d

148, 159–162, 661 N.E.2d 1030, 1040–1042. After the Supreme Court issued its opinion, the state discovered that the jury was not instructed in the manner the transcript indicated. It moved the trial court to correct the record to reflect that the jury had been properly instructed as follows: "You are not required to determine unanimously that the death penalty is inappropriate before you can consider a life sentence." At the hearing on the state's motion, the court reporter who prepared the transcript testified that the jury was not instructed in the manner the transcript indicated, but was instead instructed as the state contended. The trial court corrected the transcript and transmitted the corrected record to the Ohio Supreme Court.

The state then moved the Ohio Supreme Court to supplement the record before it with the corrected instruction and to reconsider its reversal of defendant's death sentence in light of that corrected instruction. The Ohio Supreme Court denied both motions and, thereafter, issued its mandate to the trial court to resentence defendant consistent with its reversal of his death sentence. On remand to the trial court, the state moved it to reimpose the death penalty based on the corrected instruction. The trial court refused to do so and sentenced defendant on each count of aggravated murder to a life sentence with parole eligibility after thirty years. The life sentences are to run consecutively so that defendant will not be eligible for parole until after he has served ninety years. This court granted the state leave to appeal from that decision.

## II

■ The state's sole assignment of error is that the trial court incorrectly refused to reimpose the death penalty in view of the corrected instruction. It has argued that the trial court was not required to follow the mandate of the Ohio Supreme Court because the record before it was not the same as the record that was before the Supreme Court.

■ Under the doctrine of the law of the case, a trial court cannot disregard the mandate of a superior court unless extraordinary circumstances, such as an intervening decision from the Ohio Supreme Court, justify its doing so. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus; see, also, *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 182, 652 N.E.2d 742, 743–744. The purpose of this doctrine is to ensure consistency of results, to avoid endless litigation, and to preserve the structure of superior and inferior courts. *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 18–19, 391 N.E.2d 343, 345.

The state has maintained that its discovery of the error in the transcript was an extraordinary circumstance that would justify deviation from the Ohio Su-

preme Court's mandate. For support, it has relied on two unreported appellate court decisions. The first is *State v. Gauntt* (Dec. 29, 1994), Cuyahoga App. No. 66791, unreported, 1994 WL 723730. In that case, the defendant appealed from his convictions of three counts of gross sexual imposition with prior crimes of violence specifications. The Cuyahoga County Court of Appeals vacated his sentence and remanded the matter to the trial court for resentencing because it found no evidence that the defendant had been previously convicted of a violent crime. On remand, the state presented evidence that the defendant had stipulated to his prior conviction before trial in a part of the transcript that had not been provided to the appellate court. Based on that stipulation, the trial court reinstated the defendant's original sentence. The defendant appealed from that decision, arguing that the trial court's failure to follow the appellate court's mandate violated the doctrine of the law of the case. The court of appeals concluded that the trial court was not required to follow the appellate mandate. It reasoned that the defendant would unfairly benefit if the trial court followed the mandate because he was responsible for providing an adequate record on appeal and his failure to do so had resulted in vacation of his sentence:

"[Defendant's] invocation of the doctrine [of the law of the case] is thus an attempt to make it a rule of substantive law in order to 'achieve unjust results.' Because [defendant] stipulated to his prior conviction before the commencement of trial, he was not prejudiced by the failure to present that evidence to the jury. It is therefore fundamentally unfair to permit him now to take advantage of his own failure to provide this court with the complete trial record which included the stipulation * * *."

*Gauntt* was cited as authority in the second case that the state has relied upon, *State v. Patterson* (Mar. 29, 1996), Trumbull App. No. 95-T-5207, unreported, 1996 WL 210773. In that case, the defendant appealed from his conviction of complicity to commit robbery. He argued that he was denied effective assistance of trial counsel because his attorney did not attempt to have the charge against him dismissed on the basis of a speedy trial violation. The Trumbull County Court of Appeals reversed his conviction. It found that defendant's attorney had deprived him of effective assistance by not arguing that the state had failed to bring him to trial within the time period mandated by the speedy trial statute. On remand to the trial court, the state raised for the first time that the defendant had a parole holder pending against him at the time he was held in jail on the pending charge. Evidence of the parole holder was contained in a transcript that the defendant had not provided to the appellate court. Based on this evidence, the trial court found that the defendant's speedy trial rights had not been violated and his attorney's failure to seek dismissal on that ground did not deprive him of effective assistance of counsel. The trial court, therefore, disregarded the

appellate mandate and reaffirmed the defendant's conviction. The defendant appealed from that decision, asserting that the doctrine of the law of the case obligated the trial court to apply the appellate mandate. The Trumbull County Court of Appeals agreed with the reasoning of the appellate court in *Gauntt* that the defendant should not be permitted to benefit from his own failure to provide a complete record on appeal:

"In the instant case, had this court known of the supplemental transcript, we certainly would not have reversed appellant's conviction in the first appeal. As a result, if we were to now hold that the trial court erred in not following our previous mandate, appellant would benefit from his own failure to provide a complete record in the first appeal. Like the *Gauntt* court, this court concludes that such a result would be unjust, especially since the complete record definitively shows that appellant was not denied effective assistance of counsel."

On that basis, it concluded that the trial court had not erred by disregarding the appellate mandate.

█ In *Gauntt* and *Patterson,* the appellate court reversals resulted from the defendants' failure to meet their burden as appellants to provide the reviewing court a sufficient record for appeal. This gave rise to a concern that faithful adherence to the appellate mandate would reward the defendants for not providing a complete record. Defendant in this case, however, provided this court and the Ohio Supreme Court with a complete record of the trial proceedings. Although that record apparently contained an error in transcription that ultimately benefited defendant, it was not defendant's burden to discover that error or bring it to the attention of this court or the Ohio Supreme Court. "It is the state's responsibility, and not the defendant's, to call to the court's attention errors which prejudice the state." *State v. Gleason* (1996), 110 Ohio App.3d 240, 248, 673 N.E.2d 985, 991. See, also, *State v. Breaston* (1993), 83 Ohio App.3d 410, 413, 614 N.E.2d 1156, 1158. Since the state, and not defendant, had the burden of raising the error in the transcript, there is no concern that the trial court's adherence to the Ohio Supreme Court's mandate would permit defendant to benefit from his own inaction.

Although the state knew that the jury instruction was an issue before this court and the Ohio Supreme Court, it never moved this court to supplement the record with the corrected instruction and did not move the Ohio Supreme Court to do so until after defendant's death sentence had been reversed. Appellate courts frequently overrule assignments of error raised by criminal defendants because they failed to satisfy their duty to provide a sufficient record for appeal. On remand to the trial court, those defendants are not permitted to challenge the affirmance of their convictions based on alleged errors at trial that were not supported in the appellate record. Similarly, in cases in which the state fails to

meet its appellate obligations, it should not be able to escape the consequences of its inaction. The state's discovery of the error in the transcript after defendant's death sentence was vacated and the matter was before the trial court was not an extraordinary circumstance that would justify deviation from the Ohio Supreme Court's mandate.

The state has also argued that the trial court's adherence to the Ohio Supreme Court's mandate violated the principle enunciated in *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 18 OBR 281, 480 N.E.2d 802, that cases be decided on their merits. In *Reichert,* the court of appeals overruled an assignment of error that addressed the propriety of a jury instruction because the record before it did not show that appellant had objected to it. Afterwards, the appellant moved the court for reconsideration and for leave to supplement the record with a transcript that showed that he had objected to the instruction. The appellate court denied both motions, and appellant appealed from that denial to the Ohio Supreme Court. The Ohio Supreme Court determined that the appellate court had abused its discretion by refusing to supplement the record with the transcript and by refusing to reconsider its decision in light of that transcript. *Id.* at 222, 18 OBR at 282–283, 480 N.E.2d at 804–805. It reasoned that a contrary holding would "frustrate the policy of deciding cases on the merits." *Id.* at 223, 18 OBR at 283, 480 N.E.2d at 805. In this case, the state moved the Ohio Supreme Court to supplement the record and to reconsider its decision. Both motions were denied. It is not this court's province to determine whether those decisions were correct. The state's assignment of error is overruled.

### III

The state's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, J., concurs separately.

BAIRD, J., dissents.

QUILLIN, Judge, concurring.

The Supreme Court had before it the corrected record when it issued its mandate to the trial court. The prosecution now asks us to change that Supreme Court mandate. Whether we agree with the Supreme Court or not, as lower courts, both we and the trial court are bound by that mandate. If the prosecution wishes to have the mandate altered, it should make that argument to the Supreme Court.

Baird, Judge, dissenting.

How and when and by whom the error was discovered are all matters which could have been considered in connection with the question of whether the record should be corrected, but we are now long past that point. The propriety and advisability of the correction of the record which took place in this case are not matters which are presently before this court. That correction is an accomplished fact, and it has not been appealed to this court. The record has been revised. It now reflects that the situation in question is precisely one hundred eighty degrees different from what was formerly reflected in the record.

Is the judicial system so inflexible as to be required forever to continue upon a course which the record before it shows to be wrong? I had hoped not.

The "law of the case" doctrine is considered to be a rule of practice rather than a binding rule of substantive law, and it will not be applied so as to achieve unjust results. *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 160, 519 N.E.2d 390, 393–394. In my view, a court decision which is founded upon a fact which is not true constitutes an unjust result.

I would reverse.