DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Catherine Hernon has appealed from her conviction for possession of anabolic steroids, a Schedule III controlled substance, in violation of R.C. 2925.11(A) and (C)(2)(d). This Court affirms.
 I.
On March 4, 1998, Defendant and her husband, Philip Hernon, were arrested after law enforcement agents executed a search warrant at their condominium. During the search, steroids were discovered in a guest bedroom closet. Significantly, anabolic drugs were located inside two women's flowered hatboxes and two zipped duffel bags. Defendant was interviewed by a law enforcement official and admitted knowing that there were steroids in the home. Ultimately, she was charged with possession of anabolic steroids.
On September 22, 1998, Appellant elected to proceed with a bench trial. After the State presented its evidence and rested its case, Defendant moved to dismiss, arguing that the State had presented insufficient evidence and that the indictment failed to state a crime. The trial court recessed, took the matter under advisement and, on October 27, 1998, granted Defendant's motion, dismissing the indictment "for failure to state a crime." The State appealed, and on December 29, 1999, this Court reversed and remanded the case, holding that the indictment was sufficient on its face to charge a crime. See State v.Hernon (Dec. 29, 1999), Medina App. No. 2933-M, unreported, at 6.
On March 23, 2000, the trial reconvened the matter, permitted the State to amend the indictment and continued the trial, allowing Defendant to present her defense. On April 7, 2000, the trial court found Defendant guilty of the amended one-count indictment. Again, Defendant moved for a Crim.R. 29 acquittal. The trial court denied the motion, and Defendant was sentenced accordingly. Defendant timely appealed, asserting nine assignments of error. For ease of discussion, this Court has rearranged and consolidated several of Defendant's arguments.
 II. First Assignment of Error [Defendant] was denied effective assistance of counsel and (sic) to a fair and speedy trial under the United States and Ohio Constitutions.
 Second Assignment of Error [Defendant] was denied effective assistance of counsel and (sic) to a fair trial under the United States and Ohio Constitutions since trial counsel failed to file a motion to suppress oral statements.
 Third Assignment of Error [Defendant] was denied effective assistance of counsel and (sic) to her right to a fair trial under the United States and Ohio Constitutions when trial counsel failed to object to the admission of irrelevant and prejudicial evidence.
 Eighth Assignment of Error [Defendant] was denied effective assistance of counsel and (sic) to a fair trial under the United States and Ohio Constitutions as a result of [trial counsel's] failure to request a lesser included offense.
For her first, second, third and eighth assignments of error, Defendant has claimed that she was denied the effective assistance of trial counsel as required under both the Ohio and United States Constitutions. Specifically, Defendant has argued that trial counsel was ineffective when he failed to (1) file a motion to dismiss the matter based on speedy trial grounds, (2) file a motion to suppress her statements to law enforcement officials, (3) object to the admission of certain evidence, and (4) request that the trial court consider the lesser included offense of permitting drug abuse. In response, the State has argued that Defendant was afforded effective trial counsel because even if had he filed such motions, the result of the trial would not have been different. After reviewing the appropriate standard of review, this Court will address each point in turn.
 A. Ineffective Assistance of Counsel
A properly licensed attorney in Ohio is presumed competent. State v.Smith (1985), 17 Ohio St.3d 98, 100. The burden of proving counsel's ineffectiveness, therefore, is on the defendant. Id. A defendant is denied effective assistance of counsel when his attorney's performance falls below an objective standard of reasonable representation, and the defendant is prejudiced as a result. State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. This Court would note that debatable trial tactics do not constitute ineffective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49. Lastly, because a strong presumption exists that counsel's conduct falls within the wide range of reasonable professional assistance, to show prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, 42 Ohio St.3d at paragraph three of the syllabus.
 B. Speedy Trial Rights
Defendant has argued that if her trial counsel had moved for a dismissal after this Court remanded for further proceedings, pursuant to R.C. 2945.71(C), that she would have been discharged for the State's failure to bring her to trial in a timely manner. Specifically, she has suggested that the statutory speedy trial time clock recommenced upon remand and that too many days passed before the trial court reconvened her trial.
In response, the State has argued that when Defendant's trialcommenced, on September 22, 1998, the statutory speedy trial clock had not expired and that the case was well within the proscribed limit. The State further maintained that the additional time between this Court's remand and the resumption of Defendant's trial should not be tacked on to the time elapsed prior to the State's appeal. This Court agrees.
R.C. 2945.71, the applicable speedy trial statute, provides in part:
(C) A person against whom a charge of felony is pending:
* * *
 (2) Shall be brought to trial within two hundred seventy days after the person's arrest.
* * *
 (E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.
In the instant case, Defendant was arrested on March 4, 1998 and bonded out of jail on March 20, 1998. Pursuant to R.C. 2945.71(E), these sixteen days count as forty-eight days. On September 15, 1998, her trial counsel moved to continue the trial until September 22, 1998. One hundred seventy-nine days passed before Defendant's motion and must be charged to the State. The seven days after the motion, however, are charged to Defendant. Thus, on September 22, 1998, when the bench trial commenced and the first witness was sworn-in, two-hundred twenty-seven days had passed. The fact that upon remand eighty-four more days passed until the trial court recommenced the trial is immaterial. For purposes of calculating time under the speedy trial statute, the trial commenced on September 22, 1998. As a result, Defendant would not have been able to establish even a prima facie case for dismissal, and she was not prejudiced by trial counsel's failure to so move. Her arguments to the contrary are without merit.
 C. Motion to Suppress Statements to Detective Papushak
Defendant has argued that trial counsel should have moved to suppress Defendant's statements made to Detective Papushak on March 4, 1998, the day of the search and her arrest. Specifically, Defendant has claimed that she was in custody when Detective Papushak questioned her and that the State failed to prove she had waived her constitutional rights. It is Defendant's position that, in light of the fact that the State's case was otherwise based on circumstantial evidence, had trial counsel successfully moved to suppress her incriminating statements, she would have been acquitted.
The State has responded by arguing that even if had trial counsel moved to suppress Defendant's statements, the motion would have been denied. In essence, the State has argued that Defendant was not in custody, but even if she was, Officer Papushak informed Defendant of her constitutional rights.
The Fifth Amendment to the United States Constitution provides persons with a privilege against compelled self-incrimination. Pursuant toMiranda v. Arizona (1966), 384 U.S. 436, 471, 16 L.Ed.2d 694, 722, an individual must be advised of his or her constitutional rights when law enforcement officers initiate questioning after that person has been taken into custody or otherwise deprived of his or her freedom in any significant way. Once the police begin a custodial interrogation, they must use procedures to warn defendants of their right to remain silent and their right to counsel. Id.
 In this case, assuming without deciding, Defendant had been deprived ofher freedom in a significant way, the record indicates that she wasadvised of her rights as required under Miranda. Detective Papushakspecifically testified that he had advised Defendant of her constitutionalrights. As a result, trial counsel, had he moved to suppress Defendant'sstatements, would not have prevailed, and Defendant's argument is withoutmerit.[1]
 D. Admission of Evidence
Defendant has also challenged trial counsel's decision not to object to the admission of two photographs of Defendant that were introduced and two comments made by Janice Margreta, an investigator for the United States Drug Enforcement Agency, while she was testifying. Defendant has argued that this evidence enabled the trial court, as the trier of fact, to impermissibly stack inferences that lead to her guilt. However, the record indicates that trial counsel did object to the admission of the testimony and, thus, was not ineffective in that regard. Moreover, Defendant has failed to demonstrate that, had this testimony and these photographs been excluded, there exists a reasonable probability that the result of the trial would have been different. Hence, her argument that their admission gives rise to a claim for ineffective assistance of counsel must fail. See Bradley, 42 Ohio St.3d at paragraph three of the syllabus.
 E. Lesser Included Offense of Permitting Drug Abuse
Defendant has argued that her trial counsel was ineffective because he failed to "seek the lesser- included offense of permitting drug abuse in violation of R.C. 2925.13." However, it is unclear from her brief whether she is challenging (1) trial counsel's failure to request an instruction on that crime, or, (2) his failure to ask the State to amend the indictment and charge his client with said offense. This Court will address both points.
In Ohio, there is a presumption that the failure to request an instruction on a lesser-included offense constitutes a matter of trial strategy and does not by itself establish ineffective assistance of counsel. State v. Griffie (1996), 74 Ohio St.3d 332, 333. This Court further holds that trial counsel's failure to seek and negotiate an arrangement where the State might amend an indictment to include another plausible offense amounts to a tactical decision. As such, under either interpretation of Defendant's argument, she has challenged trial counsel's strategy below, and that is not enough. As noted supra,tactical decisions, even ones which in hindsight reveal themselves to be poor ones, do not constitute ineffective assistance of counsel. See Statev. Hill (1996), 75 Ohio St.3d 195, 211. Defendant's argument regarding her trial counsel's failure to seek consideration of the offense of permitting drug abuse is without merit. Indeed, Defendant's first, second, third and eighth assignments of error are overruled.
 Fourth Assignment of Error The trial court abused its discretion and created prejudicial error by permitting [Investigator] Margreta to testify and render an expert opinion based upon a review of photographs.
For her fourth assignment of error, Defendant has argued that the trial court improperly allowed Investigator Margreta to make certain comments regarding Defendant's physical features as depicted in several photographs. First, Defendant has challenged Investigator Margreta's expert qualifications and, second, claimed that her testimony was impermissible lay opinion. The State has argued that her testimony was not an opinion rather descriptions of what she was observing.
Investigator Margreta testified that she had worked for the Drug Enforcement Administration, but had only worked "several" anabolic steroid cases. Next, while comparing several black and white photographs of Defendant posing during body-building competitions with shots of Defendant after she stopped competing, Investigator Margreta stated that she could see enlarged muscles and protruding veins in the competition photographs and that the latter was a sign of steroid use. She further testified, while describing Defendant's facial features in another one of the competition photographs, that Defendant's face was "taut." "[I]t's a thing that we call monkey face a lot of times. It's referred to by women who use steroids, and it distorts the pretty features of their face," she explained. In challenging the admission of these statements, Defendant has advanced two points: (1) the witness was rendering an expert opinion without being properly qualified; or, (2) in the alternative, her lay opinion was not rationally based.
Assuming without deciding that Investigator Margreta's conclusion that Defendant's face was a "monkey face" and that individuals with such features referred to women using steroids was impermissible opinion testimony, Defendant's objections must fail. This Court has previously recognized that error in admitting testimony may be harmless beyond a reasonable doubt if it is cumulative. See State v. Kincaid (Oct. 18, 1995), Lorain App. Nos. 94CA005942, 94CA005945, unreported, at 6. Investigator Margreta's testimony was intended to establish that Defendant had used steroids in the past, and the State had already established this point with Officer Papushak's testimony that Defendant had confessed to previous steroid use. Accordingly, Defendant's fourth assignment of error is overruled.
 Fifth Assignment of Error [Defendant's] conviction for possession of anabolic steroids, a schedule III drug, was not supported by legally sufficient evidence and is against the manifest weight of the evidence.
For her fifth assignment of error, Defendant has challenged thesufficiency and the weight of the evidence supporting her conviction for possession of anabolic steroids. She has claimed that the evidence submitted failed to prove beyond a reasonable doubt that she knowinglypossessed the drugs in question.
In response, the State has directed this Court's attention to comments made by Defendant to an investigating officer at the time of her arrest. According to the detective, Defendant admitted knowing there were steroids being stored in the condominium and having used steroids in the past. The detective also testified that Defendant explained to him that all the steroids were now for her husband's personal use. The State, in turn, has asserted Defendant's knowledge of the legal steroids' presence constitutes knowledge and possession of the illegal drugs. In other words, the State has maintained that Defendant's knowledge of the presence of steroids, illegal or not, within the condominium, is enough to establish constructive possession in violation of R.C. 2925.11(A) and (C)(2)(d).
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." In reviewing the denial of a motion for acquittal, this Court must construe the evidence in a light most favorable to the State. State v. Messer (1995), 107 Ohio App.3d 51,54. A motion for judgment of acquittal is properly denied "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Gasser (1993), 89 Ohio App.3d 544, 547, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
This Court notes that evaluations of the sufficiency of the evidence put forth by the State and the weight of the evidence adduced at trial are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3. While the test forsufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. Thompkins,78 Ohio St.3d at 390 (Cook, J. concurring). In determining whether the State has met its burden of persuasion, a reviewing court does not view the evidence in the light most favorable to the State. Gulley, supra, at 3. Instead, a reviewing court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A new trial is warranted only in the exceptional case where the evidence weighs heavily against the conviction. Id. Thus, the determinative issue in this case is whether the trial court, as trier of fact, clearly lost her way and created a manifest miscarriage of justice. This Court holds that she did not.
Defendant was charged and convicted of possession of anabolicsteroids, in violation of R.C.2925.11(A), which provides, "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C.2925.11(C)(2) defines any substance listed on Schedule III as a controlled substance. Anabolic steroids are listed on that schedule.
Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "Ownership of the controlled substance need not be established, and possession may be individual or joint." (Citations omitted.) State v. Gibson (May 6, 1998), Summit App. No. 18540, unreported, at 5. Possession may also be actual or constructive. State v. Barr (1993), 86 Ohio App.3d 227, 235. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his or her immediate physical possession." State v. Hankerson
(1982), 70 Ohio St.2d 87, syllabus; see, also, State v. Jackson (1984),20 Ohio App.3d 240, 242.
The trial court had before it evidence that Defendant, as a body-builder, had used steroids in the past and that she knew various types of steroids were stored throughout the condominium. Located in the couple's guest bedroom closet were old photographs, workout equipment, body-building magazines, Defendant's husband's personal papers, audio and video tapes, a purple duffel bag, a black duffel bag, women's clothing and at least fifteen hatboxes. A picture of the guest bedroom closet was also found on the premises. Written on the back of that photograph was "Cathy's beautiful closet" and "My clothes." Lastly, the evidence demonstrated that inside two of the fifteen hatboxes and the two duffel bags, along with syringes, were anabolic steroids. In light of these facts, this Court cannot say that the trial court clearly lost her way and created a manifest miscarriage of justice. Moreover, becausesufficiency is required to take a case to the jury and a finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency, Defendant's sufficiency challenge mustlikewise fail. See State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, 4. Defendant's fifth assignment of error is without merit.
 Sixth Assignment of Error The trial court committed reversible error by not providing [Defendant] a new trial upon remand from the Court of Appeals and after her conviction.
In her sixth assignment of error, Defendant has argued that the trial court committed reversible error by not providing her with a new trial on remand when there were irregularities in the proceedings. Specifically, Defendant has asserted that the proceedings were irregular because she was not allowed to recall any witnesses from the State's case, and that the case should have been tried before a new judge because the trial judge had retired while the matter was pending on appeal. This Court disagrees.
A new trial may be granted on motion of the defendant if there was an irregularity in the proceedings that prevented the defendant from having a fair trial. Crim.R. 33(A)(1). The decision to grant or deny a request for a new trial is subject to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. State v.Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. An abuse of discretion is more than an error of law or judgment; "it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable." State v. Bresson (1990), 51 Ohio St.3d 123, 129.
As a preliminary matter, this Court notes that Defendant upon remand, did not attempt to recall any of the State's witnesses and did not request that the matter proceed before a new judge. Because Defendant did not raise these issues during the trial, any error is waived except for plain error. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. This Court will only apply Crim.R. 52(B) if it is clear that, but for the alleged error, the outcome of the trial would have been different. State v. Keen (Mar. 24, 1999), Lorain App. No. 97CA006900, unreported, at 4.
In reviewing the record of the case at bar, this Court concludes that Defendant has failed to demonstrate that she was prejudiced and how the outcome of the trial would have been different. The record in the present case reveals that Defendant had an opportunity to cross-examine the State's witnesses and that the retired judge had an independent memory of the case and reviewed the transcript of the trial before reaching a verdict. Based on the foregoing, the trial court did not abuse its discretion when it denied Defendant's motion for a new trial. Her sixth assignment of error is overruled.
 Seventh Assignment of Error [Defendant's] Fifth Amendment rights under the Double Jeopardy Clause were violated when the trial court reconvened the trial after remand.
For her seventh assignment of error, Defendant has argued that, upon remand and when the trial court reconvened, her rights under the Double Jeopardy Clause were violated because she had already been brought to trial once on the charge in this case. She has contended that jeopardy attached when the court began to hear evidence or in the alternative, when the charges were dismissed against her on October 27, 1998. As a result, she has explained, the continuation of her trial upon remand constituted a second prosecution for the same offense.
In turn, the State has invoked State v. Broughton (1991),62 Ohio St.3d 253, paragraph three of the syllabus, in which the Ohio Supreme Court held that "[w]here jeopardy has attached during the course of a criminal proceeding, a dismissal of the case may be treated in the same manner as a declaration of a mistrial and will not bar a subsequent trial when: (1) the dismissal is based on a defense motion, and (2) the court's decision in granting such motion is unrelated to a finding of factual guilt or innocence." Applying this proposition, the State has argued that where a trial resumes on remand after the trial initially granted a defendant's motion to dismiss for a faulty indictment, a defendant's rights under the Double Jeopardy Clause are not violated.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution is applied to the states through the Fourteenth Amendment.State v. Uskert (1999), 85 Ohio St.3d 593, 594. This protection is also embodied in Section 10, Article I of the Ohio Constitution. Id. at
594-595. The Ohio Supreme Court has stated that, "the Double Jeopardy Clause of each Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." State v. Gustafson (1996), 76 Ohio St.3d 425, 432. Yet, exceptions do exist.
In Broughton, the Ohio Supreme Court explained that a criminal defendant, by deliberately choosing to seek termination of the proceedings against him or her on a basis unrelated to factual guilt or innocence of the charged offense, suffers no injury cognizable under theDouble Jeopardy Clause if proceedings are reinstituted on remand.Broughton, 62 Ohio St.3d at 265, quoting United States v. Scott (1978),437 U.S. 82, 98-99, 57 L.Ed.2d 65, 79. In other words, the Double Jeopardy Clause, which guards against government oppression, will not relieve a defendant from the consequences of his voluntary choice. Id.
Turning to the case at bar, this Court holds that jeopardy attached on September 22, 1998, when the first witness was sworn-in. However, the trial court's dismissal thereafter was the result of Defendant's motion to dismiss and was based on the trial court's conclusion that that the indictment was fatally flawed. Therefore, the trial court's decision was unrelated to a finding of factual guilt or innocence. Under the Ohio Supreme Court's reasoning in Broughton, this Court must conclude that when the trial resumed on March 23, 2000, on remand but after the initial grant of Defendant's motion to dismiss for a faulty indictment, her rights under the Double Jeopardy Clause were not violated. Defendant's seventh assignment of error is overruled.
 Ninth Assignment of Error The trial court committed prejudicial error by permitting the State of Ohio to amend the indictment in violation of [Defendant's] Due Process rights and (sic) to a fair trial.
In her ninth and final assignment of error, Defendant has complained that the trial court erred by allowing the State to amend the indictment in violation of her rights to due process. Essentially, she has revived her argument that the original indictment failed to state a crime and suggested that it was unfair to amend the indictment as she was not prepared to defend against the charge. Her contention is not well taken.
This Court previously observed, in its disposition of the State's appeal in this matter, "that the indictment, even without the descriptive "anabolic," [charged] a crime of possession of a specific controlled substance" because the only steroids listed in Schedule III are anabolic steroids. Hernon, supra, at 5. In short, Defendant had been charged with possessing anabolic steroids in the first instance. This Court further concluded that "to the extent that the trial court believed that the indictment was defective, it should have permitted the State to amend the indictment. An amendment to the instant indictment to include the descriptive "anabolic" would not have changed the identity of the crime nor would it have prejudiced [Defendant]." Id. at 6. As such, based on the law of the case,[2] the trial court acted properly, and Defendant's ninth assignment of error must fail.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
SLABY, J., CONCURS.
BATCHELDER, P. J., DISSENTS.
[1] Defendant also argued that trial counsel's failure to object during trial to Defendant's statements constitutes plain error. Based on the same reasoning employed to dispose of her ineffective assistance of counsel claim in that regard, this Court holds that trial counsel's failure to object during trial does not constitute plain error.
[2] "Under the doctrine of the law of the case, a trial court cannot disregard the mandate of a superior court unless extraordinary circumstances, such as an intervening decision from the Ohio Supreme Court, justify its doing so. The purpose of this doctrine is to ensure consistency of results, to avoid endless litigation, and to preserve the structure of superior and inferior courts. " (Citations omitted.) Statev. Brooks (1997), 118 Ohio App.3d 444, 446.