[Cite as *State v. Brooks*, 2017-Ohio-2832.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28381 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MAURICE EDWARD LAPAUL BROOKS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 1992 09 2196 (A) |

DECISION AND JOURNAL ENTRY

Dated: May 17, 2017

TEODOSIO, Judge.

{¶1} Appellant, Maurice Edward LaPaul Brooks, appeals from an order denying his petition for post-conviction relief by the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 1993, Mr. Brooks was convicted of three counts of aggravated murder with firearm and death specifications and was sentenced to death. The convictions and death sentences were affirmed on appeal. *State v. Brooks*, 9th Dist. Summit No. 16192, 1994 WL 362143 (July 13, 1994). The Supreme Court of Ohio affirmed the convictions, but reversed the death sentences and remanded for resentencing. *State v. Brooks*, 75 Ohio St.3d 148, 1996-Ohio-134. The trial court resentenced Mr. Brooks to three consecutive life sentences with parole eligibility after ninety years. The State appealed, but the life sentences were affirmed on appeal. *State v. Brooks*, 118 Ohio App.3d 444 (9th Dist.1997).

{¶3}   In 2008, Mr. Brooks filed a common law petition to vacate void judgment, arguing that his true name is Maurice Edward LaPaul Brooks, not the name listed on the indictment, to wit: Antonio M. Brooks.  The trial court denied the petition as "an untimely petition for post-conviction relief and/or a misfiled petition for writ of habeas corpus."  The decision was affirmed on appeal.  *State v. Brooks*, 9th Dist. Summit No. 24510, 2009-Ohio-2341.  In 2010, the trial court denied another untimely petition for post-conviction relief, but Mr. Brooks did not appeal.

{¶4}   In 2016, Mr. Brooks filed another petition for post-conviction relief, which was denied.  Mr. Brooks now appeals from the trial court's order denying his most recent petition for post-conviction relief and raises two assignments of error for this Court's review.

{¶5}   For ease of analysis, we consolidate Mr. Brooks' first and second assignments of error.

II.

**ASSIGNMENT OF ERROR ONE**

DID THE TRIAL COURT ERR WHEN IT EXCEEDED SUBJECT-MATTER JURISDICTION IN SENTENCING APPELLANT AS ONE "ANTONIO M. BROOKS" UNDER THE NAME WILLFULLY GIVEN BY THE STATE OF OHIO [SUMMIT COUNTY, OHIO] AND WITHOUT ALLEGING ANY MISNOMER WHILE APPELLANT'S TRUE IDENTITY WAS AVAILABLE IN VIOLATION OF R.C. 2941.03(C) & R.C. 2941.17 AND THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION.

**ASSIGNMENT OF ERROR TWO**

WHETHER APPELLANT WAS PROVIDED DEFICIENT REPRESENTATION OF COUNSELS DURING HIS TRIAL AND APPELLATE STAGES IN THEIR FAILURES TO ARGUE A PROPER INDICTMENT NEEDED TO CHARGE THE APPELLANT UNDER HIS LEGAL IDENTITY WAS THE PRODUCT OF A SIXTH AMENDMENT VIOLATION OF HIS CONSTITUTIONAL RIGHT TO PRESENTMENT OF AN INDICTMENT AND THE RIGHT TO EFFECTIVE ASSISTANCE OF

COUNSELS, ALSO CONFERRED IN ARTICLE I, SECTION 10, 16[,] OF THE OHIO CONSTITUTION.

{¶6} In his first assignment of error, Mr. Brooks argues that the trial court did not have subject-matter jurisdiction because either he is not the person who was indicted in this case or he was indicted under the wrong name, and his convictions are therefore void. In his second assignment of error, Mr. Brooks argues that his trial attorneys were ineffective because they did not challenge the sufficiency of the indictment regarding the error in the indicted name. We disagree with both propositions.

{¶7} Generally, "[w]e review a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard." *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 7. Our standard of review is de novo, however, when the trial court denies a petition solely on the basis of an issue of law. *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *Id.* Here, the trial court denied Mr. Brooks' petition presumably as an untimely petition or successive petition for similar relief under R.C. 2953.23(A) by stating:

> Defendant previously filed a petition for post[-]conviction relief in 2009 alleging the trial court lacked jurisdiction to sentence him because he was not the person identified in the original indictment. This is the same basis for Defendant's current Petition. In 2009, the trial court denied Defendant's Petition which was affirmed by the 9[th] District [C]ourt of Appeals. * * * The Court denies Defendant's petition for post[-]conviction relief.

Therefore, a de novo standard of review applies here. *See Childs* at ¶ 9.

{¶8} R.C. 2953.21(A)(2) provides that petitions for post-conviction relief:

> [S]hall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court.

A court may not entertain successive or untimely petitions unless the petitioner satisfies certain requirements. He must show that he was unavoidably prevented from discovering the facts he relies on or that, subsequent to the R.C. 2953.21(A)(2) deadline, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation, and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). He must further show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which [he] was convicted" or, "if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A)(1)(b).

{¶9} "The fact that a petitioner raises a defective indictment argument in his petition does not constitute an exception to R.C. 2953.23's procedural requirements." *State v. Morris*, 9th Dist. Summit No. 24613, 2009-Ohio-3183, ¶ 7. Mr. Brooks was initially sentenced to death and the trial transcript was filed in the Supreme Court of Ohio on September 15, 1994. After being resentenced to life in prison, the trial transcript was filed in this Court on September 3, 1996. Mr. Brooks filed the instant petition on August 15, 2016, two decades after the R.C. 2953.21(A)(2) deadline. He has also already filed two previous untimely petitions for post-conviction relief, which were both denied. He has not shown this Court how he has satisfied his burden under R.C. 2953.23(A)(1). Therefore, we conclude that the trial court did not have statutory authority to consider the merits of the petition and correctly denied it. *See State v. Russell*, 9th Dist. Summit No. 28206, 2017-Ohio-723, ¶ 5.

{¶10} Mr. Brooks' first and second assignments of error are overruled.

III.

**{¶11}** Mr. Brooks' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, P. J.
CONCURRING.

{¶12} I concur but write separately to emphasize that an offender cannot evade the requirements of R.C. 2953.23(A) simply by alleging that his convictions are "void." *See State v Wright*, 9th Dist. Summit No. 27880, 2016-Ohio-3542, ¶ 7-9. Thus, merely asserting that a conviction is void does not trigger a void conviction analysis when the substance of the challenge falls squarely in the realm of post-conviction relief. Though Brooks attempts to couch his argument in terms of voidness, his most recent challenge to his convictions in the trial court constituted a petition for post-conviction relief that was both untimely and successive. Because he failed to satisfy the requirements set forth in R.C. 2953.23(A), the trial court did not have the authority to entertain his petition.

APPEARANCES:

MAURICE EDWARD LAPAUL BROOKS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.