OPINION
Defendant-appellant William Rogers appeals from an order of the trial court holding him in contempt for failing to pay child support, and from an order of the trial court establishing plaintiff-appellee Lisa Shear as the residential parent of their children and ordering child support. Rogers contends that the trial court erred by failing to allow him to call witnesses and present evidence concerning custody and contempt, that the designation of Shear as the residential parent is supported neither by a sufficiency of the evidence nor by the weight of the evidence, that the trial court erred in its calculation of child support and the child support arrearage, that the trial court erred by failing to appoint a guardian ad litem for the children, and that the trial court erred by overruling objections to the magistrate's decision without consulting the transcript of the proceedings before the magistrate.
In overruling Rogers' objections, and entering the orders from which this appeal is taken, the trial court noted that Rogers, in objecting to the magistrate's decision, had not supported his objection with a transcript of the hearing before the magistrate. We conclude that the trial court was correct in deciding that it could not sustain Rogers' objections without a transcript. Although Rogers assigns as error the trial court's failure to have appointed a guardian ad litem for the children, this was not the subject of an objection in the trial court. Error in the proceedings before a magistrate in the trial court is not preserved unless it is the subject of an objection to the trial court.
Because we find no merit to Rogers' assignments of error, the judgment of the trial court is Affirmed.
 I
It appears from the pleadings that the parties were married in Jackson, Michigan, in 1987, and that there are two children of the marriage, Christopher James Rogers born January 26, 1989, and Colleen Kathryn Rogers, born December 13, 1993.
The parties were divorced in Maryland, by decree entered November 2, 2000. Both parties subsequently moved to Ohio. Shear petitioned the trial court for registration of the Maryland divorce decree, which was granted. Under the terms of the Maryland divorce decree, the parties had joint legal custody of the children, and Shear had "physical custody" of the children. In Ohio, Shear moved for an order designating her the residential parent, and awarding her custody of the children. Rogers cross-moved for an order designating him the residential parent, and awarding custody to him. Shear then moved for an order holding Rogers in contempt for nonpayment of child support.
Early in the litigation, Rogers moved for the appointment of a guardian ad litem for the children. In a pre-trial order, the magistrate denied this motion, upon the ground that Rogers was then living in St. Petersburg, Florida, making the appointment of a guardian ad litem impractical. The magistrate did not explain his reason for concluding that the fact that one parent, the non-custodial parent, was living in Florida, made the appointment of a guardian ad litem for the children impractical.
The contempt, custody and support motions were heard on July 25, 2001. On July 30, 2001, the magistrate rendered a decision finding Rogers to be in contempt for non-payment of support, and imposing sanctions. On August 13, 2001, Rogers filed objections to that decision. These objections were based primarily upon the magistrate's decision to limit the hearing to one day of testimony.
On August 21, 2001, the magistrate rendered his decision with respect to the custody and support issues. The magistrate recommended that Shear be designated the residential parent, that she be awarded custody of the children, and that there be no change in the amount of child support ordered. Subsequently, on August 29, 2001, Rogers filed his objections to the custody and support decision.
On September 28, 2001, the trial court entered an order imposing a 30-day jail sentence for contempt, designating Shear as the residential parent, and providing for visitation. This order, however, was vacated by an entry filed November 6, 2001. On that same day, November 6, 2001, the trial court ruled with respect to Rogers' objections to the magistrate's decision concerning contempt. The entire text of that Decision and Order is as follows:
 "This matter is before the Court upon the Defendant filing objections to the Magistrate's Decision and Order of July 30, 2001 [the contempt decision]. A transcript was not filed. The objections and the record have been reviewed and it is determined the Defendant objects to the following issues:
 "Defendant objects to the Magistrate denied [sic] the Defendant sufficient time to present his case.
 "With out [sic] the benefit of a transcript it is impossible to ascertain whether or not the Defendant's claim has merit and the trier of fact has the duty to control the courtroom. The objection is OVERRULED.
 "The Magistrate jumped to conclusions regarding the Defendant's arrearage in child support.
 "The Objection is OVERRULED. Defendant failed to file a transcript. The Court has no way of discerning whether or not the Defendant objected to the admission of Plaintiff's Exhibit `4'. This exhibit was used to establish the existing marriage.
 "SO ORDERED." (Emphasis in original.)
Also on November 6, 2001, the trial court rendered a judgment entry concerning the allocation of parental rights and visitation. The preface in that judgment entry is as follows:
 "The Court, having considered the matters raised in the objections filed by both parties and the responses thereto, the Court is ready to rule on those matters. Accordingly, the Magistrate's Decision and Order Regarding Change of Custody and Support Motions is hereby Modified in part and Sustained in part and it is therefore the ORDER of the Court that:
"* * *"
From the judgment of the trial court, Rogers appeals.
 II
Rogers' first five assignments of error are as follows:
"THE TRIAL COURT ERRED BY FAILING TO ALLOW
 FATHER TO CALL WITNESSES AND PRESENT HIS EVIDENCE CONCERNING CUSTODY AND CONTEMPT.
 "THE TRIAL COURT'S AWARD OF CUSTODY TO MOTHER WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE.
 "THE TRIAL COURT'S AWARD OF CUSTODY TO MOTHER WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.
 "THE TRIAL COURT ERRED IN ITS CALCULATION OF CHILD SUPPORT.
 "THE TRIAL COURT ERRED IN ITS CALCULATION OF CHILD SUPPORT ARREARAGE AND REPAYMENT."
All of these assignments of error require, for their exemplification, a transcript of the proceedings before the magistrate. Although a transcript has been prepared and filed as part of the record in this appeal, the trial court noted, in its decision overruling Rogers' objections to the magistrate's contempt decision, that Rogers had not provided it with a transcript of the hearing before the magistrate, as required by local rule, and as required by Civ.R. 53(E)(3)(b). On the same day, November 6, 2001, the trial court entered judgment on the issues of the allocation of parental rights in support. Because all of these issues were the subject of one day of trial before the magistrate, it is clear that the trial court was not provided with a transcript of the hearing before the magistrate in connection with Rogers' objections to the magistrate's decision concerning the allocation of parental rights and support. Significantly, Rogers has never contended that the trial court was provided with a transcript, as required by local rule and by Civ.R. 53(E)(3)(b).
All of the matters of which Rogers complains in his first five assignments of error the alleged abuse of the magistrate in failing to allow him to call witnesses and present evidence, an award of custody to Shear that is not supported by the sufficiency or weight of the evidence, and alleged errors in the calculation of child support and the child support arrearage require exemplification in the transcript of the hearing. Because the trial court was not provided with a transcript of the hearing, we conclude that the trial court properly overruled these objections. Accordingly, Rogers' first five assignments of error are overruled.
Not only did the trial court not err by deciding Rogers' objections without reference to a transcript of the hearing before the magistrate, in view of the fact that no transcript was filed with the trial court, we are precluded from considering the transcript of the hearing submitted with the appellate record, since the party objecting to the magistrate's decision failed to provide the trial court with that transcript. Stateex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, at 730. Accordingly, we have not reviewed the transcript of the hearing before the magistrate, even though it is included in our record.
 III
Rogers' seventh assignment of error is as follows:
 "THE TRIAL COURT ERRED IN RULING ON THE DECISION OF THE MAGISTRATE WITHOUT CONSULTING THE TRANSCRIPT OF THE PROCEEDINGS BEFORE THE MAGISTRATE."
Neither party has provided us with a copy of Loc.R. 7.02 of the Common Pleas Court of Greene County, Division of Domestic Relations, and we have not found a copy of those rules in the law library we use, the Dayton Law Library Association. In Shear's response to Rogers' objections to the magistrate's decision on the contempt issue, which Shear filed on August 22, 2001, she asserts that Loc.R. 7.02 required Rogers to order, and to file with his objections, a transcript of the proceedings that form a basis for the objection. At no point, either in the trial court, or in this court, has Rogers contested Shear's characterization of Loc.R. 7.02. Therefore, we conclude that Shear's characterization of Loc.R. 7.02 is correct. This is consistent with the requirement in Civ.R. 53(E)(3)(b) that objections to a magistrate's decision be supported by a transcript. Although we can envision situations in which an error by a magistrate would be exemplified by the record, without the necessity of a transcript of the proceedings before the magistrate, this does not apply to those issues raised in Rogers' first five assignments of error, all of which require, for their exemplification, a transcript of the hearing before the magistrate. Under Local R. 7.02, and under Civ.R. 53(E), it was the duty of Rogers, not the trial court, to provide the transcript of the hearing before the magistrate. In the absence of a transcript, the trial court properly overruled the objections.
Rogers' Seventh Assignment of Error is overruled.
 IV
Rogers' Sixth Assignment of Error is as follows:
 "THE TRIAL COURT ERRED BY FAILING TO APPOINT A GUARDIAN AD LEITEM [sic] FOR THE CHILDREN OR AT LEAST TO RULE ON APPELLANT'S MOTION FOR SAME."
The issue raised in Rogers' Sixth Assignment of Error is an example of an issue that can be exemplified in the record without the necessity of a transcript. The record includes Rogers' motion, on January 8, 2001, for the appointment of a guardian ad litem for the children, as well as the magistrate's pretrial order of May 31, 2001, declining to appoint a guardian ad litem upon the ground that Rogers was then living in St. Petersburg, Florida. Consequently, Rogers could have objected to the magistrate's decision, based on the contention that the magistrate erred by declining to appoint a guardian ad litem to represent the interest of the children. However, he interposed no such objection. In none of Rogers' objections filed in the trial court did he raise this issue. Civ.R. 53(E) requires that alleged errors or procedural irregularities on the part of a magistrate be brought to the attention of the trial court in the first instance. It is a fundamental principle of appellate jurisprudence that error must be preserved in the trial court, and that the trial judge must have the first opportunity to correct error, before any alleged error may be the basis for reversal on appeal. The only exception is plain error. In re Seaman (March 9, 2001), Montgomery App. No. 18530. Plain error is only to be found in the exceptional case where there has been an error that must be corrected to prevent a manifest miscarriage of justice. It should only be found where the error complained of "would have a material adverse effect on the character and public confidence in judicial proceedings." Reichert v. Ingersoll
(1985), 18 Ohio St.3d 220, at 223, quoting from Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207, at 219.
We are not persuaded that the failure in this case to have appointed a guardian ad litem to represent the interests of the minor children of the parties rises to the level of plain error. Accordingly, Rogers' Sixth Assignment of Error is overruled.
 V
All of Rogers' assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.